### ANSEL A. MORGAN, Respondent, *v.* BENJAMIN F. SCHUYLER, Appellant.

Plaintiff and defendant were formerly partners in business, as dentists, under the firm name of "Morgan & Schuyler." Upon the dissolution of the firm defendant bought plaintiff's interest in certain firm property, and became equitable assignee of the unexpired term of the lease of the room occupied by the firm, in which he continued the business, using signs bearing his name, followed by the words "successor to Morgan & Schuyler." There was nothing in the agreement of dissolution prohibiting plaintiff from engaging in the business, and it was understood at the time between the parties that he was to open an office for that purpose in another part of the city, which he did. In an action to restrain defendant from using plaintiff's name, *held*, that defendant did not acquire, by the agreement of dissolution, any good will in the business,

except such as was incident to his sole ownership of partnership property, and his exclusive right to occupy the rooms of the late firm; that he was not authorized to use the firm name, or to declare himself "successor to" the late firm; and that, therefore, the action was maintainable.

*It seems,* that defendant would have the right to describe his rooms as those formerly occupied by ".Morgan & Schuyler," and himself as formerly, or late of that firm.

(Argued December 17, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, denying a motion for a new trial, and affirming an interlocutory judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain defendant from using the name of plaintiff upon signs, circulars or advertisements, or from declaring himself to be the successor of the late firm of Morgan & Schuyler.

Prior to October 3, 1876, the parties were partners, as dentists, carrying on the business of dentistry under the firm name of "Morgan & Schuyler," in office-rooms in the city of Rochester. On that day they dissolved by written agreement, defendant purchasing certain partnership property, and assuming the rent of the rooms so occupied by the firm, which he was to continue to occupy. It was understood that plaintiff was to open another office in the same city; this he did. The firm used signs containing the firm name. After the dissolution plaintiff removed his name from the signs. Defendant replaced the name as nearly as possible, as before, and then placed over the firm name upon the sign the following, "B. F. Schuyler, successor to," in letters so small and in such a way as to be nearly imperceptible. A judgment was directed granting to plaintiff the injunction sought, and requiring defendant to remove the name of plaintiff from his signs and advertisements, and a reference was directed to ascertain plaintiff's damages. Judgment was entered accordingly.

*J. C. Cochrane*, for appellant. By the agreement of dissolution the good will of the firm passed to defendant. (High on Injunctions, § 686; *Dougherty* v. *Van Nostriam*, 1 Hoff. Chy. R., 70 ; *Mussdeman's Appeal*, 62 Pa., 81.) The firm name was a part of the good will, and defendant could bring an action to restrain plaintiff from using it. (*Dayton* v. *Wilkes*, 17 How. R., 510; Story on Part., § 99; *Churton* v. *Douglas*, 1 H. R. V. Johnson's R., 174; *Williams* v. *Wilson*. 4 Sandf. Chy., 379; High on Injunctions, § 686; *Hall* v. *Hall*, 20 Beav., 14; *Banks* v. *Gibson*, 34 id., 568.)

*John S. Morgan*, for respondent. If defendant, by retaining the occupancy of the rooms, had the benefit of the good will appertaining thereto, still he acquired no right to use the plaintiff's name. (*Crutwell* v. *Lye*, 17 Ves., 346; *Austen* v. *Boyd*, 4 Tur. [N. S.], 721; Story's Partnership, § 99; *Schackle* v. *Baker*, 14 Ves., 468; *White* v. *Fones*, 1 Robt., 331; *Davies* v. *Hodgson*, 25 Beav., 177; *Howe* v. *Searing*, 6 Bosw., 354; *Austen* v. *Boyd*, 4 Tur. [N. S.], 719; Collyer on Partnership, 264 [m. p.] ; *Peterson* v. *Humphrey*, 4 Abb. Pr., 394; Upton's Trademarks, 64; *Scott* v. *Scott*, 16 Law Times R. [N. S.], 143.) As defendant did not use plaintiff's name in good faith, he was properly enjoined from using it in such a manner as to mislead or impose upon the public, and supplant or injure the plaintiff. (Opinion herein of Hardin, J., at General Term [fols. 167–173] ; 3 Kent's Commentaries, 64, note *g ;* Coddington's Trademarks, § 810; Story on Partnership, § 100; *Hookham* v. *Pottage*, L. R. [5 Chy.], 91 [1872] ; *Glenny* v. *Smith*, 11 Fur. [N. S.], 964 ; *Bell* v. *Locke*, 8 Paige, 75; *Knott* v. *Morgan*, 2 Keen, 213 ; *Colton* v. *Thomas*, 2 Brewster [Pa.], 308; *Hogg* v. *Kirby*, 8 Vesey's Tr., 215; *Diez* v. *Lamb*, 6 Rob., 538; *Christie* v. *Murphy*, 12 How. Pr., 77; *Howard* v. *Henrigues*, 3 Sandf., 725; *Woodward* v. *Lazar*, 21 Cal., 448; *Millington* v. *Fox*, 3 Mylne & Craig, 338; *Smith* v. *Cohn*, 5 Abb. [N. C.], 274; *Devlin* v. *Devlin*, 69 Me., 212; affig., 4 Hun, 657; *Meneely* v. *Meneely, supra ; Meriden Brit. Co.* v. *Parker*, 39 Conn.,

450; *Croft* v. *Holloway*, 13 Beav., 209.) The defendant has no right to retain and use the old signs of the firm. (Upton on Trademarks, 62.) Assuming that the defendant purchased all the property of the firm, still he did not acquire the right to call and advertise himself as the "successor" of the old firm. (*Reeves* v. *Denicke*, 12 Abb. Pr. [N. S.], 92; *Scott* v. *Rowland*, 26 Law Times R. [N. S.], 391; *Morse* v. *Hall*, 109 Mass., 409; *Bowman* v. *Floyd*, 3 Allen, 76; *Kennedy* v. *Lee*, 3 Merival, 452; *Lathrop* v. *Lathrop*, 47 How. Pr., 532; Code de Commerce, art. 21; Troplong sur le Droit Civile, Tome, 12, 372; *Scott* v. *Rowland*, 26 L. T. R. [N. S.], 391.)

Danforth, J. There was nothing in the former relations of the parties, or the express terms of the agreement of dissolution which gave to either one the good will of the business theretofore conducted by them under the firm name of " Morgan & Schuyler, " nor was either in any way restrained from continuing the practice of his profession on his own account in any place. Yet the defendant became the equitable assignee of the unexpired term of the lease under which the firm held its place of business, and the sole owner of certain partnership property and fixtures. He thereby acquired an advantage over the plaintiff, for he had the exclusive right to occupy the rooms of the late firm, and as incident thereto, the benefit of that good will, which Lord Eldon defines, in *Crutwell* v. *Lye* (17 Vesey, 335), "as the probability that the old customers will resort to the old place. " The extent of this depends partly upon the force of habit, and in the case of such business as had been carried on by these parties in some degree upon the satisfaction which the patient had received at the hands of one or the other member of the firm, but it is after all a very different thing from the good will which may be said to attach to the person of a professional man, as the result of confidence in his skill and ability. The first is of no value except to the occupant of the place *Chissum* v. *Dewes* (5 Russell, 30), while the latter is insepa-

rable from the person, and follows its possessor wherever he goes.   So far as it belonged to the plaintiff, it could not have been transferred to the defendant, but the advantage secured to him as the occupant of the old place of business, would doubtless have been rendered more valuable if the plaintiff had retired, not only from the firm, but from the practice of his art.   This, however, he not only did not undertake to do, but it was understood by both parties at the time of dissolution, that the plaintiff was at once to open an office, and carry on his business of dentistry, in the same city.   This fact precludes the idea that the defendant acquired any good will in the business, except such as was incident to his sole ownership of the property, mentioned in the agreement.   It is evident, therefore, that it was not the intention of the parties that the defendant should in the conduct of his business, in any manner use the plaintiff's name either in combination with his own, as " Morgan & Schuyler," or in subservience to it, by declaring himself "the successor" to that firm.   It is not claimed that there is any express contract to that effect, and none can be implied, either from the language of the agreement actually made, or from any fact or circumstance connected with it.

The case was argued by the learned counsel for the appellant, with much ingenuity, but I do not think that the cases cited by him sustain the appeal.   On the contrary in *Dougherty* v. *Van Nostram* (1 Hoff. Chy., 70); *Musselman & Clarkson's Appeal* (62 Penn. St., 81); *Williams* v. *Wilson* (4 Sandf. Ch., 379), the good will in question was that only which pertained to the place of business, and no case holds that the good will included the right to a continued use of the name of the firm.   Indeed in such a case, the retiring partner would have given up the advantages, but remained liable to the risks and burdens of business, for if his name continued upon the signs or other advertisements of the firm he would be bound to every one who gave credit thereto, in ignorance of the real state of the case, and liable for all debts contracted in the firm name.   The injury in such

a case is obvious. Nor has the defendant any better right to declare himself the "successor of" the firm of "Morgan & Schuyler." In so doing he represents not only that the firm is extinguished, but that his co-member has quit, or retired from business. The latter therefore will lose the patronage to which he is entitled, for those persons who might otherwise resort to him for assistance will be misled into supposing that his services cannot be obtained. In either aspect the plaintiff's case was made out. It does not follow, however, that the defendant may not avail himself of the full value of his purchase, and to that end by signs and advertisements refresh the memory of those customers who had acquired a preference for the particular locality in which he continues business, or recall to their attention the circumstance to which that preference might be due. He may lawfully describe the rooms as "formerly occupied by Morgan & Schuyler," and himself as "formerly" or "late" of that firm, by these or other phrases. He would thus state simply facts, belonging to his own life, or incident to the office, as much so as the time or place of his birth, the name of his father, or instructor, the college from which he graduated, or the time when the premises were first used in the practice of his calling. All this might be done in good faith. What has been done is quite different, and apparently for another purpose, without right, and to the plaintiff's injury.

The conclusion of the court below, was, I think, correct, and the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.