Per Curiam.*
This is an ex parte application for an order staying the plaintiff’s proceedings in the action until an appeal from an order of the court below denying an application for such a stay until the decision of a motion to make the complaint more definite and. certain can be heard, and decided by this court; arid also from an order directing the court below to enter the order of the court which denied the motion for a stay of proceedings.
It appears that the motion to reform the complaint and make it more definite and certain is still pending and undecided before the special term, and it seems to be assumed that' that court will proceed to hear and determine the motion for a receiver before the decision of the motion to correct the complaint.
We have no right to act upon any such assumption. If it be true, as represented in this application, that the complaint involves several causes of action improperly joined, upon one of which no receiver could lawfully be appointed, or is otherwise seriously, defective, we cannot assume that the court below will entertain and determine a motion for a receiver until after the disposition of the pending motion.
On the contrary, our duty is to presume that the question will be disposed of by the court below in conformity to the right and justice of the case, and without prejudice to the right of the defendants to have their motion in relation to the pleadings first determined.
The necessity of having a proper complaint in cases of this character involving interests so important is so clearly apparent that we must presume that no application for a receiver will be entertained and disposedL *451 of before the question raised upon the motion to correct the complaint shall have been fully considered and determined. The disposition of the application for a stay in regard to this branch of the case was purely in the discretion of the court. To grant a stay on an appeal from an order denying a stay would be to introduce a new and embarrassing practice which would lead to intolerable delays in the administration of justice. Without determining at this time whether an appeal from such an order would lie, it is enough to say that we think it would be an indiscreet exercise of our powers to intervene where the merits of the motion remain' under the consideration of the court below, and wholly undisposed of.
If the motion for a stay of proceedings was made at the special term, and there denied, as is alleged, it was the right of the moving party to have the order of denial entered eos debito justitia.
But this motion is not the proper mode to bring up the question whether or not the court refused to enter the order as made. The proper course, we think, would be an application to this court, upon notice, for an alternative mandamus, upon which application the court can determine whether the question was of sufficient importance to justify the issue of its writ.
The motion, therefore, in both of its aspects, must be denied.

 Present, Davis, P. J., and Brady, J.