Westbrook, J.
The plaintiff James P. Van Wyck, who is the owner of a watch and jewelry store and business in the city of Hudson, asks for the continuation of an injunction restraining the defendant Adolph Horowitz, who is the proprietor of a similar and rival establishment in the same city and in the same street, from using the plaintiff’s name in and upon his advertisement» and signs so as to draw to his own store customers and business from that of the plaintiff.
As to the substantial facts there is no dispute. The defendant in his answer admits and alleges “ that the plaintiff above named occupies as a jewelry store in said city of Hudson the *280 ground floor of a building upon Warren street in said city, which has been for many years last past used as a jewelry store and has a distinctive and well known repute as such. That said building is next to a large and prominent structure Imown and used as a Presbyterian church, which stands to the east of plaintiff’s said store facing a public square in said city, known as Central square. That plaintiff had displayed at and for a long time prior to the commencement of this action upon the front of his said store a large wooden sign upon which are plainly painted the words James P. Van Wyck.”
The defendant then proceeds to say that he never resided in Hudson prior to November 1, 1883, and' that from that date to May 1, 1885, he was employed by the plaintiff as a workman upon jewelry and in the repair of watches. That he thus became acquainted with plaintiff’s customers, many of whom do not know his name, and that to inform such customers and the public generally who it was that had opened a new store of a character similar to that kept by the plaintiff, he had in his cards and advertisements declaring his business, and upon a sign in his store placed the words “ late with, James P. Van Wyck.” It is this use of his name by the defendant which the plaintiff seeks to restrain.
It will be observed that the answer of the defendant makes no secret of his intent, which evidently is to connect himself with the reputation of the plaintiff and his business, and thus divert to himself a part of the patronag’e which the reputation of the plaintiff’s establishment attracts to it. The statement of the case evokes instant condemnation from the hearer, and an analysis of the thoughts which produce such instantaneous conclusions will show that it rests upon sound legal principles as well as upon the conscience of the hearer.
The defendant concedes that the plaintiff’s name is of value to the business of a jeweler and watchmaker in the city of Hudson. It is, and has been for many years displayed as a conspicuous sign, upon a conspicuous building, located in a central spot in the city, and made still more conspicuous by *281 a large church facing a public square, in which the plaintiff carries on such a business. Conceding the value of that name, that of the plaintiff, to the business in which both of these parties are engaged, is its owner, who has given it such publicity by years of attention to his calling and pursuit, and by the expenditure of large sums of money in maintaining so expensive and conspicuous an establishment, in so prominent a point in the city of Hudson, entitled to its full benefit and value, or can the defendant turn a part of its benefit and value to himself by coupling it with that of his own ?
The question is not difficult. That which belongs to a person is his own, and nothing is more completely the property of a man than his name. Ho person can use it without its owner’s consent, and the use of that of the plaintiff’s to make conspicuous the rival business and name of the defendant is as clear a violation of the property rights of the plaintiff as it would be for the defendant to take some article of personal property belonging to the plaintiff, a tall pole, for example, which will illustrate the act of the defendant, who uses the plaintiff’s name to elevate and call attention to his own, and display upon it the name and business of the defendant.
The view thus expressed may at first be deemed radical, but it seems to me to be a clear deduction from fundamental principles. Of what avail is character or long continued business, large expenditure to make it known, and a name — more strictly and properly property than a trade-mark — if all can he túrned, or partially turned, to another’s benefit by tacking that name to or combining it with that of another individual so as to conspicuously advertise that to or with which it is so tacked or combined ?
If the defendant, in his business cards, advertisements and signs, had used a trade-mark belonging to the plaintiff to advertise himself and a business of his own, which was a rival to that owned by the plaintiff which the trade-mark represented, the violation of the rights of the owner of the trade-mark *282 would be conceded. The present ease is stronger. The name of the plaintiff represents himself and his business only, and is even more fully and completely his than a trade-mark, and its use, therefore, by the defendant to give character to his own cannot be sustained. It is, unless its owner’s consent has been obtained, just as unlawful as the wrongful using, as has been before stated, of another’s personal property. The distinction between the two cases —• the use is actual in both — is physical only. The one takes a physical object or thing, the other takes and.uses not a physical object or tiling, it is true, but a something which, though not tangible, is as really and completely property as the other. In short, the so-called radical thought is simply the enunciation and application of the fundamental principle that one man cannot lawfully take and use the property of another without and against the consent of its owner.
There is another thought in this connection which, though perhaps covered by the line of argument just presented, is still of sufficient importance to warrant a separate statement. The defendant in his answer also expressly concedes that “ the jewelry store ” owned by the plaintiff “ has a distinctive and well known repute as such.” This repute of his business is -also clearly the property of the plaintiff, with which the defendant should not intermeddle. It has not a distinct physical form, it is true, as an article of personal property has, but its existence and power, nevertheless, are exhibited in results to be seen, and which are of great value to its owner. If the defendant helped by his service to build up the reputation of that store, the reputation thus acquired belonged to the plaintiff, who paid the defendant for the work and thus purchased all the reputation flowing therefrom. When the defendant, therefore, tells us that he wishes to appropriate a part of the reputation to himself by telling the public I was “ with James P. Van Wyck,” and therefore a part of the reputation is mine, he attempts to appropriate to himself something which does not belong to him, but which absolutely and completely is the *283 property of the plaintiff, as much his as any article bought with his money or manufactured by his hands; and because it is the plaintiff’s exclusively, and not his, the defendant cannot be permitted to appropriate it to himself at the expense of the plaintiff by the mode of advertising he has adopted.
The defendant’s counsel, upon the argument of this motion, contended that the mode of advertising in use by the defendant cannot be restrained, because it only states a historical fact. The difficulty with the position is that it is untrue. The defendant in his advertisements does not tell the truth, as his counsel argued ; and this fact makes another and further objection to the use of the plaintiff’s name by the defendant. The advertisement is false, and calculated to deceive, because it does not disclose the entire truth. The reader of the defendant’s sign, card or advertisement, as he looks at the words, “ late with James P. Van Wyck,,” will interpret them according to the notion which strikes his mind. He is not told that the defendant was the hired workman, the mere employe of the plaintiff, but that he was lately “ with him,” and is thus left to guess what the “with” means. The expression is, therefore, just as liable to carry the thought to the individual reading it that the defendant was “ with James P. Van Wyck ” as a partner as an employe ; and, because it is as liable and likely to deceive as to tell the truth, and must, in fact, as often deceive as it makes a true narration, its use cannot be justified.
The case is not at all like that of Morgan agt. Schuyler (79 N. Y., 490), in which the parties had been partners under the firm name of “ Morgan & Schuyler,” and in which, speaking of the defendant, judge Da.toobth (page495), said: “ He may lawfully describe the rooms as 1 formerly occupied by Morgan & Schuyler,’ and himself as 6 formerly ’ a ‘ late ’ of that firm.” The difference between the two cases is that the defendant in the reported case had a property interest in the name and business reputation of the former firm, of which he was one, and the mode of advertisement suggested would *284 have told the whole and exact truth ; while in this the defendant has no right of property in the name nor in the reputation of that business which he seeks to use with his own name and business, so as to give Iris own prominence at the expense of the other; and in its use he so tells what his counsel calls the history of his life as to carry an untruth and to deceive as often as it tells the truth and narrates actual history. If the defendant had been a stove blackener, or hostler, or an errand boy in the employ of the plaintiff, or a clerk discharged for want of fidelity or competency, be could with just as much truth advertise himself as “late with James P. Yan Wyck.” The extreme supposed cases are pxit to illustrate the danger of the counsel’s position. It cannot be that a man who has sustained any position towards, or had any employment from a well-known individual, that thereby he obtains the right to use that name in connection with his own so as to advertise himself and his business at the expense of his former patron and employer, and to do it in a manner which is likely to, and often must, deceive as to the nature of the relations to him. The motion to continue the injunction must be granted, because:
First. The defendant is without authority using the plaintiff’s name, which is the use of another’s property for his own benefit and to the injury of its owner.
Second. He is attempting to transfer to himself a part of the reputation of the store and business of the plaintiff, which also belong to the plaintiff as really and as truly as his name, or the personal property of which he is the actual owner.
Third. The mode and manner of the use by the defendant of the name of the plaintiff are such as oftentimes to deceive, and because liable to deceive, and thus benefit the defendant at the expense of the plaintiff, such use must be held to be unlawful.