Louis Bailly, Appellant, *v.* Adolfo Betti et al.,
Respondents.

Pleading — partnership — answer setting up defenses and
raising issues may not be utilized in sustaining order dismiss-
ing complaint — complaint stating cause of action for dissolu-
tion of partnership and accounting improperly dismissed —
firm name of business dependent solely on personal and pro-
fessional skill of partners not an asset which can be sold —
complaint not dismissed because action was commenced
before termination of partnership where it is alleged that
defendants deny partnership and refuse plaintiff participation
in assets — court of equity will take jurisdiction and grant
relief according to conditions at time of trial.

1. An answer setting up affirmative defenses and creating various
issues of fact may not be utilized in sustaining an order dismissing the
complaint on a motion for judgment on the pleadings. The correct-
ness of that decision depends entirely on the question whether the
allegations of the complaint, accepting them as true and accurate,
show that plaintiff is entitled to some relief and to a consideration of
evidence which he may offer to sustain his allegations.

2. A complaint states a cause of action which alleges that the plain-
tiff and others by a written contract and earlier agreements entered
into a copartnership expiring June 1, 1924, for the purpose of giving
musical performances and concerts under a certain name; that in
consideration of his becoming a member some of the defendants con-
tributed to the partnership the name and other properties; that they
gave musical performances and played for records; that in December,
1923, the defendants notified plaintiff that they would not continue
the partnership after June 1, 1924, denied that he had any interest
as partner in the firm name or any of its assets except some sheet
music and announced their intention to continue with some other
person to give musical performances under said name without com-
pensation to plaintiff, and refused to account for plaintiff's interest
in the copartnership property; and which demands as relief that the
copartnership be dissolved, its assets sold, and asks for an accounting
and an injunction.

3. The name alleged to have been adopted as a copartnership name
is not, however, an asset which can be sold and its proceeds distributed
amongst the copartners. A business dependent solely on the personal

skill and professional qualifications of the persons carrying it on does not possess a good will or copartnership name which can be sold or transferred to any one who might desire to purchase on a sale.

4. A contention that the complaint should be dismissed because the action was commenced before the date on which the alleged copartnership was to terminate is erroneous. A court of equity will entertain an action for an accounting where it is necessary so to do in order to compel one partner to carry out his agreement with another one in the transaction of copartnership business even though a dissolution is not asked for, and in this case the plaintiff brings himself within this principle by allegations that the defendants are denying the copartnership and are refusing to give him that participation to which he claims to be entitled in copartnership assets and profits.

5. In any event at the time the order was made directing a dismissal of the complaint the copartnership had by its terms expired and under such circumstances a court of equity in such a case as this will take jurisdiction of a cause of action and grant relief in accordance with conditions as they exist at the time of the trial.

*Bailly* v. *Betti*, 213 App. Div. 810, reversed.

(Argued June 5, 1925; decided July 15, 1925.)

APPEAL, by permission, from a judgment entered March 13, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which unanimously affirmed an order of Special Term granting a motion by defendants for judgment on the pleadings.

*William Montague Geer, Jr.,* and *George M. Clarke* for appellant. The plaintiff as a partner in the Flonzaley Quartet was entitled, upon dissolution of the partnership, to require that the trade name be put up for sale to the quartet member or members making the highest bid, or to the public, and meanwhile to enjoin its use by the other partners. (*Coatsworth* v. *L. V. Ry. Co.,* 156 N. Y. 451; *Candee* v. *Baker,* 131 App. Div. 641; *Joseph* v. *Herzig,* 198 N. Y. 456; *Slater* v. *Slater,* 175 N. Y. 143; *Dayton* v. *Wilkes,* 17 How. Pr. 510; *Freeman* v. *Freeman,* 86 App. Div. 110, 113; *Morgan* v. *Schuyler,* 79 N. Y. 490; *Spears* v. *Willis,* 151 N. Y. 443; *Brown* v. *Leach,*

189 App. Div. 158; *Holmes* v. *Darling*, 213 Mass. 303; *Ferin* v. *Bollis*, 7 Abb. Pr. 202; *Bininger* v. *Clarke*, 10 Abb. Pr. [N. S.] 264; *Morgan* v. *Schuyler*, 79 N. Y. 490; *Williams* v. *Wilson*, 4 Sandf. Ch. 405.) Plaintiff became entitled to an immediate accounting and other equitable relief when defendants, after agreeing with an outsider to take plaintiff's place in the quartet, gave notice terminating the partnership at a future date, and thereupon denied that a partnership existed between themselves and the plaintiff. (*Lord* v. *Hull*, 178 N. Y. 9; *Sanger* v. *French*, 157 N. Y. 213; *Holmes* v. *Darling*, 213 Mass. 303; Rowley on Part. § 786; *Joseph* v. *Herzig*, 135 App. Div. 141; 198 N. Y. 456; *Warnier* v. *Boessneck*, 5 App. Div. 240; 159 N. Y. 538; *Breckenridge* v. *Cary*, 195 App. Div. 156; *Murphy* v. *Whitney*, 140 N. Y. 541, 547, 548; *Earle* v. *Earle*, 173 N. Y. 480, 490; 73 App. Div. 300; *Kraemer* v. *World Wide Trading Co., Inc.*, 195 App. Div. 305.)

*Edwin T. Rice* for respondents. The complaint states no cause of action for equitable relief. (*Sheldon* v. *Houghton*, Fed. Cas. No. 12748; *Masters* v. *Brooks*, 132 App. Div. 874; *McClure* v. *Leaycraft*, 183 N. Y. 36.) The action was prematurely brought. (*Delaware Trust Co.* v. *Calm*, 195 N. Y. 231; *Cowles* v. *Rochester Folding Box Co.*, 179 N. Y. 87; *Sherman* v. *Foster*, 158 N. Y. 587; *Mann* v. *City of Utica*, 54 How. Pr. 334; *Pond* v. *Harwood*, 139 N. Y. 111; *Warnier* v. *Boessneck*, 5 App. Div. 240; 159 N. Y. 538; *Wormser* v. *Metropolitan Street Ry. Co.*, 184 N. Y. 83; *City of Rochester* v. *Rochester Ry. Co.*, 109 App. Div. 638.)

HISCOCK, Ch. J. This appeal involves the question whether plaintiff's complaint sets forth a cause of action. The answer embraces denials of many of its allegations and sets up various affirmative defenses which, in effect, fundamentally and positively contradict the plaintiff's

claims. But while this pleading may create various issues of fact to be considered on a trial of the case, of course they cannot be utilized in sustaining the order which has been made dismissing plaintiff's complaint. The correctness of that decision depends entirely on the question whether the allegations of the complaint, accepting them as true and accurate, show that plaintiff is entitled to some relief and to a consideration of evidence which he may offer to sustain his allegations.

The action arises out of the affairs of a group of distinguished artists organized for the purpose of rendering musical compositions. The plaintiff, amongst other things, alleges that in April, 1921, both by a written contract of which a copy is attached to the complaint and earlier agreements he and the defendants Betti, Pochon and d'Archambeau entered into a copartnership expiring June 1, 1924, for the purposes of giving musical performances and concerts under the firm name and style of Flonzaley Quartet and that the defendant de Coppet became a party to the agreement for the purpose of guaranteeing the profits of the quartet; that in consideration of plaintiff's becoming a member of the said partnership the defendants except the defendant Charlton contributed to the said partnership as assets the name Flonzaley Quartet and various other properties; that the quartet gave musical performances and played for records of the Victor Talking Machine Company during the seasons covered by the contract but that in December, 1923, the defendants Betti, Pochon and d'Archambeau gave plaintiff notice that they would not continue the partnership with him after June 1, 1924, and denied that he had any interest as partner in the Flonzaley Quartet or any of its assets except some music sheets and, in connection with the defendant de Coppet, who claims the right so to do, have announced their purpose to continue with some fourth person secured in the place of plaintiff to give musical performances under said name

without any compensation to plaintiff for his interest and have refused to account to him for his interest in the property and assets of said copartnership. On these allegations he demanded as his substantial relief that the copartnership be dissolved; that its assets including the firm name Flonzaley Quartet be sold and an accounting had of all of the copartnership assets including said name and that the defendants be enjoined from continuing to give musical performances after June 1st, 1924, under said name.

Containing these allegations we think that the complaint set forth a cause of action and that it was error to dismiss it.

*First.* We agree with the views entertained by the courts below that the name Flonzaley Quartet alleged to have been adopted as a copartnership name was not an asset which could be sold and its proceeds distributed amongst the copartners. It is well settled that the good will of a copartnership carrying on a commercial trade or business may include the copartnership name. But in cases where this has been held there was a copartnership business which had established a good will because of such elements as reasonable prices, good quality of merchandise and fair dealing which were more or less impersonal and not solely attributable to the personal qualifications and characteristics of the persons who established the business and in such cases it could be said with reason that the transferable good will included the copartnership name under which the business had been developed and grown up. (*Slater* v. *Slater*, 175 N. Y. 143.) It has, however, never been held that a business dependent solely on the personal skill and professional qualifications of the persons carrying it on possessed a good will or copartnership name which could be sold or be transferred to any one who might desire to purchase on a sale. The contrary proposition is abundantly established. (*Morgan* v. *Schuyler*, 79 N. Y. 490, 493,

494; *Masters* v. *Brooks*, 132 App. Div. 874; *Sheldon* v. *Houghton*, Fed. Cas. No. 12748, p. 1239; *Moore* v. *Rawson*, 199 Mass. 493; *Slack* v. *Suddoth*, 102 Tenn. 375; *Austen* v. *Boys*, 2 DeG. & J. 626; *Arundell* v. *Bell*, 52 L. J. Ch. 537; *Farr* v. *Pearce*, 3 Madd. 74.)

But aside from this copartnership name we think that the plaintiff alleges the existence of copartnership assets and copartnership profits in which he is entitled to share and from participation in which he claims he is being debarred by the other defendants.

*Second.* It seems to have been thought that the plaintiff's complaint should be dismissed because his action was prematurely brought, it having been commenced before the date on which the alleged copartnership was to terminate. This view as applied to the facts of this case is erroneous. A court of equity will entertain an action for an accounting where it is necessary so to do in order to compel one partner to carry out his agreement with another one in the transaction of copartnership business even though a dissolution is not asked for. (*Sanger* v. *French*, 157 N. Y. 213; *Lord* v. *Hull*, 178 N. Y. 9.) In this case the plaintiff brings himself within this principle by allegations that the defendants are denying the copartnership and are refusing to give him that participation to which he claims to be entitled in copartnership assets and profits.

But the plaintiff is entitled to maintain his action as against this objection of prematureness on another ground. At the time the order was made directing a dismissal of the complaint the copartnership had by its terms expired and plaintiff was entitled to an accounting in respect of its affairs. Under such circumstances it was not material even if the plaintiff had brought his action prematurely because a court of equity in such a case as this will take jurisdiction of a cause of action and grant relief in accordance with conditions as they exist at the time of the trial. (*Delaware Trust Co.* v. *Calm*, 195 N. Y. 231;

*Warnier* v. *Boessneck,* 5 App. Div. 240; affd., on opinion below, 159 N. Y. 538.)

Therefore, confining ourselves as we are bound to do simply to a consideration of the complaint, we think that it alleges facts which, if sustained by the proofs, will entitle plaintiff to relief and that, therefore, the orders and judgment entered thereon dismissing the complaint should be reversed, with costs in all courts, and the motion for judgment on the pleadings denied, with costs.

CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Orders reversed, etc.