LOUIS BAILEY, Plaintiff, *v.* ADOLFO BETTI and Others, Defendants.

Supreme Court, New York County, December 2, 1925.

Depositions — examination before trial — motion to examine defendant in action for copartnership accounting — plaintiff claims defendants have appropriated partnership name " Flonzaley Quartet " to their own use — plaintiff entitled to prove ownership by firm of said name — motion granted.

In an action for a copartnership accounting between the plaintiff and several defendants, in which the plaintiff alleges that defendants have appropriated the partnership name " Flonzaley Quartet," said plaintiff is entitled to examine one of the defendants before trial as to whether said defendants have appropriated to their own use the name " Flonzaley Quartet," for the reason that if plaintiff succeeds in establishing upon the trial the question of the right of the defendants to appropriate and use said trade name, he will be entitled to enjoin the use of said name by defendants, though he may not compel its sale.

MOTION by defendant de Coppet to vacate a notice of his examination before trial.

Supreme Court, December, 1925.                    [Vol. 126

*Everett, Clarke & Benedict* [*George M. Clarke* and *W. Montague Geer, Jr.,* of counsel], for the plaintiff.

*Appleton, Butler & Rice* [*Edwin T. Rice* of counsel], for the defendants.

PROSKAUER, J.  The complaint is one for a copartnership accounting between the plaintiff and three of de Coppet's codefendants and alleges, among other things, that they have appropriated the partnership name " Flonzaley Quartet."

The Court of Appeals has heretofore held, in an opinion by Chief Judge HISCOCK, that the partnership name is not one which could be sold and the proceeds of which could be divided. (*Bailly v. Betti,* 241 N. Y. 22.)  The basis of that decision is briefly that the partnership was one which depended entirely upon the artistic skill of its members and that, therefore, its good will and trade name could not be sold.  The plaintiff insists that this still leaves open for determination upon the trial the question of the right of the defendants to appropriate and use that trade name.  He urges on this motion that he is entitled to prove the ownership by the firm of the name " Flonzaley Quartet," for the reason that if he succeeds in establishing this contention, he will be entitled to enjoin the use of the name by the defendants even if he may not compel its sale.  I think he is right in this contention.  I find nothing in the opinion of Chief Judge HISCOCK which negatives this and it is supported by *Morgan v. Schuyler* (79 N. Y. 490), which was cited in Chief Judge HISCOCK's opinion.  There the parties were dentists and after dissolution the defendant advertised himself as successor of Morgan & Schuyler.  DANFORTH, J., writes (p. 495): " Nor has the defendant any better right to declare himself the ' successor of ' the firm of ' Morgan & Schuyler.'  In so doing he represents not only that the firm is extinguished, but that his co-member has quit, or retired from business.  The latter therefore will lose the patronage to which he is entitled, for those persons who might otherwise resort to him for assistance will be misled into supposing that his services cannot be obtained."

If the name was a partnership asset, no partner would have a right to its use to the exclusion of another.  Therefore, there are three material issues as to which the defendant de Coppet should be examined: (1) Was there a copartnership as alleged in the complaint? (2) Was the name " Flonzaley Quartet " the property of the partnership? (3) To what extent, if any, has de Coppet participated in the use of the name after plaintiff's exclusion or withdrawal?  These three headings include all of the numerous topics set forth in the plaintiff's notice of examination

which are deemed material. The other subjects embraced in the notice may relate to matters which are appropriate to an accounting after procurement of an interlocutory judgment and are not essential to the procurement of said judgment.

Motion to vacate the notice for examination is denied. Settle order on notice limiting the examination as herein indicated.