Benjamin Brenner, J.
Action for a dissolution of a partnership. Plaintiff moves for an order appointing plaintiff receiver of the partnership assets and permitting plaintiff to continue its business. Defendants cross-move for multiple relief.
The cross motion, addressed to the complaint upon which plaintiff’s request for relief is predicated, will first be considered. The first cause of action alleges the creation of the partnership to manufacture and sell fixtures and metal products under the name of Priedland Fixtures Co.; that plaintiff and the individual defendants as equal copartners created the defendant corporation (each having a one-third interest therein) to purchase from and sell materials to the partnership; that plaintiff was wrongfully removed as an officer and director of the defendant corporation and that checks belonging to the partnership are being-deposited in the account of the defendant corporation; that while receiving earnings, drawings and salaries for themselves, the individual defendants have refused to pay same to plaintiff; that they have taken possession of the books, records and property of the partnership and refused to account for and turn over moneys belonging to the plaintiff from the partnership. In the second cause of action all defendants are charged with conversion of the assets and property of the partnership and money damages are sought.
Despite its repetition of all the allegations of the first cause of action, the second cause of action is one in law predicated upon the conversion of the partnership assets. It is well established that an action at law may not be maintained by one partner against another for any claim arising from the partnership business until there has been an accounting of the business, a balance struck and an express agreement to pay. (Arnold v. Arnold, 90 N. Y. 580, 583; Sasson v. Lichman, 276 App. Div. 932; Cohen v. Erdle, 282 App. Div. 569.) If, however, the plaintiff is attempting to charge the defendant corporation, by its officers, with converting- the assets of the partnership, he has failed to make clear and specific allegations of such tortious acts. The second cause of action as to the individual defendants is therefore faulty and the cross motion to strike it under subdivision 4 of rule 106 of the Rules of Civil Practice is granted. Such motion is also granted as to the corporate defendant without *351 prejudice to pleading over a proper cause against said corporate defendant.
The defendants request the plaintiff under rule 90 of the Buies of Civil Practice to plead a proper statement of facts constituting his alleged cause of action for an accounting, to impress a trust and for the dissolution of the partnership. The plaintiff seeks a dissolution upon a number of grounds, i.e., pursuant to section 62 (subd. 1, par. [b]) of the Partnership Law where the partnership has no definite term and a partner may make such application at will; his exclusion from the affairs of the partnership; a breach of the partnership agreement and the improper conduct of the individual defendants (Partnership Law, § 63), and as incidental relief he requests an accounting and the impressment of a trust upon part of the partnership assets. An accounting usually accompanies an action for a dissolution. In fact, there can be no accounting between the partners unless dissolution is sought (Lord v. Hull, 178 N. Y. 9) except where the accounting is necessary to compel enforcement of an agreement in transacting the copartnership business (Bailly v. Betti, 241 N. Y. 22) or where some special reason exists to make it necessary (Lord v. Hull, supra) or when required under sections 43 and 44 of the Partnership Law. Thus it is unnecessary for plaintiff to set forth causes of action for accounting or any other relief relating to the desired dissolution, and all the plaintiff need allege are facts showing the making of a partnership agreement, the terms and conditions of the partnership, the manner in which the partnership has been conducted; facts showing the grounds for the dissolution, and if an accounting is sought there is no need to allege any facts other than those indicated. (6 Bender’s Forms of Pleading, § 328.) Accounting and impressment of a trust being merely incidental relief sought in the dissolution, plaintiff has pleaded all the essential elements needed for such an action although same 'are pleaded in an unworkmanlike manner. The cross motion, made pursuant to rule 90 of the Buies of Civil Practice, as to items 1, 2 and 3 are denied. Item 4 is now academic since the court grants the motion to dismiss the second cause, as above indicated.
The cross motion pursuant to rule 102 of the Buies of Civil Practice is denied as to paragraphs Third, Fourth, Ninth and Tenth of the complaint as the allegations therein contained, viewed in the light of the remaining allegations, spell out an action for dissolution of a partnership and a disclosed interest in the defendant corporation. It is granted as to paragraphs Eleventh, Twelfth and Thirteenth, plaintiff having failed to plead the stockholders ’ agreement claimed to have been breached, *352 making it unclear whether the breach of the alleged agreement relates to the partnership agreement or to the corporate agreement, whether the individual defendants converted the partnership assets as partners, or as officers and directors of the defendant corporation and whether they failed to pay plaintiff his drawings, etc., as partners or as officers.
The cross motion to strike pursuant to rule 103 of the Buies of Civil Practice is addressed to the court’s discretion. Such motions are not favored and must be denied unless the allegations have no possible bearing on the subject matter of the litigation, involve prejudice or are irrelevant to the cause pleaded. (Reichbach v. Reichbach, 3 A D 2d 725.) Until the plaintiff complies with the disposition herein made upon the cross motion under rule 102, the application under rule 103 as to paragraphs Second, Eighth, Tenth and Eleventh of the complaint, relating to the defendant corporation, is premature and is accordingly denied as to them without prejudice, but denied outright as to paragraphs Fifth and Fourteenth of the complaint.
Since plaintiff must replead in any event, the motion to appoint a receiver, etc. is denied without prejudice to renewal, if so advised, after the service of the amended complaint. (See 4 Carmody-Waite on New York Practice, p. 741; People v. Manhattan R. R. Co., 9 Abb. N. C. 448.)
In repleading plaintiff should confine his first cause solely to the partnership and the basis for its dissolution and the second cause of action to conversion.
Settle order in accordance with the above.