Alonzo J. Prey, Acting Justice.
The plaintiff, James Fazio, in this action has brought suit for a partnership accounting, and he charges that his partner, the defendant, Gerald Tracy, is accountable to him for the sum of $5,000, which he contributed to the partnership when the partnership agreement was entered into.
The main subject of controversy in the partnership accounting proceeding involves the amount which the plaintiff, James Fazio, agreed to pay the defendant when the partnership contract was entered into, the sum of $5,000, which, pursuant to paragraph two of the partnership agreement, as set forth in the plaintiff’s Exhibit 1 in evidence, the plaintiff, J ames Fazio, agreed to con *173 tribute when he became a partner in the Mars Health Club. That $5,000 was to be paid in two installments — $3,000 at the time of the partnership agreement was signed, and the balance being a promissory note payable four months after the partnership papers were executed.
There was sharp disagreement as to the intent of the parties with respect to this $5,000 payment. It is the plaintiff’s contention that it was a contribution to the partnership business, and that it should be considered as a partnership asset in the accounting proceeding. The defendant, Gerald Tracy, claims that it represented the consideration for a half interest in the partnership business purchased outright from him by the plaintiff, James Fazio, and that it was his money, and that he is not accountable for it, and that the proof was that the defendant, Gerald Tracy, deposited the $5,000 and used the whole sum for his own individual purposes and that no part of it became a partnership asset.
The partnership never succeeded, and when the partnership was unable to pay the rent for the quarters occupied by it in the Mars Hotel in the City of Buffalo, the landlord began a proceeding of eviction for nonpayment of rent. Sometime during the months of March or April, 1960, the partners were evicted from the hotel, and the partnership ceased as a business operation at that time. The actual date was not definitely established.
The accounting proceeding was unique to this extent that the books and records of the partnership were not available until shortly before the trial ended. Also, a stipulation was entered into, to the effect that, the accounts and books of the partnership are not necessarily a part of the proof which the court must consider in considering issues and claims of the respective parties, and both parties abandoned any claims against each other insofar as the books of record and account were concerned. Both parties so stipulated in open court and said stipulation was made a part of the official court record.
Both parties have submitted what they call an accounting in ledger fashion as a part of their memorandum, and said so-called ledger accountings were identical in every respect except as to the $5,000 payment which, as stated above, is the main subject of controversy in the accounting proceeding. Since both parties have submitted to the court so-called ledger accounting statements, identical, except as above-stated, the court determines that it is unnecessary to discuss for the purpose of this memorandum the many items of financial dealings between the partners concerning which a great part of the testimony of the respective parties was given.
*174 This leaves, therefore, the main issue as far as the partnership accounting is concerned as to whether or not the $5,000 payment made hy the plaintiff, James Fazio, to the defendant, Gerald Tracy, was a contribution to the partnership business, or a purchase outright of a one-half interest in the partnership business, and, therefore, the personal property of the defendant, Gerald Tracy, for which he claims he is not accountable.
In determining this issue, we look to the partnership agreement itself. Plaintiff’s Exhibit No. 1 in evidence is the original partnership agreement, a copy of which was also received in evidence as plaintiff’s Exhibit No. 8, for the purpose of establishing that there was no difference in the language of the copy of the partnership agreement; plaintiff’s Exhibit No. 1, which was delivered by the attorney who prepared the partnership agreement to the plaintiff, and the carbon copy thereof in possession of the defendant, Gerald Tracy, which was received in evidence as plaintiff’s Exhibit No. 8.
Paragraph 2 of said partnership agreement reads as follows: ‘ ‘ The said gerald tract agrees that he shall contribute all the existing paid memberships in the said health club, together with the good will thereof; and all receipts from any former member of the mars health club on account of dues owing to the Health Club shall also belong to this partnership business. The said james eazio agrees to contribute the sum of Five Thousand Dollars ($5,000.00) and the said sum is to be paid as follows:
“ (a). The sum of Three Thousand Dollars ($3,000.00) in cash on the signing of these articles and “ (b). The sum of Two Thousand Dollars ($2,000.00) to be secured by a promissory note payable four (4) months from the date of signing of these articles. Should it be necessary to make any other contributions for additional capital for the purpose of said partnership business, each of the parties agrees to contribute in equal proportion when such additional funds shall be needed. That the party of the Second Part does hereunder become a party to and entitled to all of the rights of the party of the First Part in a certain lease for the premises located as aforesaid and being between Sidney Murstein of 201-215 Delaware Avenue; and the party of the First Part, under date of October 16,1959.”
It is to be noted, therefore, that the defendant, Gerald Tracy, agreed to contribute to the partnership assets “ all the existing paid memberships in the health club together with the good will thereof, and all the receipts of any former member of the Mars Health Club on account of dues owing to the Health Club ’ ’, and *175 such contributions and such receipts should belong to the partnership business, and that the plaintiff, James Fazio, agreed to contribute the sum of $5,000 with the further proviso as quoted in subdivision (a), paragraph 2: “ Should it be necessary to make any other contributions for additional capital for the purpose of said partnership business, each of the parties agrees to contribute in equal proportion when such additional funds shall be needed.”
The word “ contribute ” is defined as meaning: “ To give in common with others; give to a common stock or for a common purpose; furnish as a share or constituent part of anything.”
It is well-established law that the court cannot rewrite an agreement between members of a partnership. (Chalmers v. Weed, 175 Misc. 740.) Nor can parol evidence be admitted to vary or change the language of the agreement. Therefore, although there was substantial testimony by both parties as to their financial dealing with each other after the partnership was established, and although certain exhibits were received without objection by either party clarifying those transactions, they were not received for the purpose of, nor was the effect thereof to modify, change, or vary the partnership agreement itself. The language of the partnership agreement then controls as to the intention of the parties, and the intention of the parties is determined by the language and framework of the whole partnership agreement. It is the opinion of the court that the partnership agreement stated clearly the rights and duties of the respective parties thereto.
The partnership could not commence operations without 1 ‘ capital ”. “ Capital ’ ’ is defined as: “ money required of the partners by the partnership agreement. Sums voluntarily contributed for the use of the partnership over and beyond that amount represent an advance to the firm.” (M. & C. Creditors Corp. v. Pratt, 172 Misc 695, 712, affd. 255 App. Div. 838.)
Section 40 of the Partnership Law of the State of New York sets up rules for determining rights and duties of partners. Subdivision 1 of that section says: “Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profit and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.”
Section 43 of the Partnership Law provides as follows in subdivision 1: “ Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by *176 him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.”
The $5,000 which the plaintiff, James Fazio, agreed to contribute to the partnership, in the opinion of the court, was to be a partnership asset, even though the check for the first payment of $3,000 was made to the defendant, Gerald Tracy, individually, and the note for the balance of $2,000, the plaintiff’s Exhibit No. 3 in evidence, was also made payable to the defendant, Gerald Tracy, personally and the testimony was that the defendant, Gerald Tracy, deposited money in his own account, and no part of it reached the partnership account. The partnership agreement also provided that if there was a profit, it should be divided equally between parties, and if there was a loss, that should be borne equally by the two partners, and that if upon the discontinuance or termination of the partnership business, the distribution of any assets remaining would be distributed equally between the two partners.
The court concludes, therefore, that the partnership agreement controls, that the $5,000 payment made by the plaintiff, James Fazio, was his contribution to the partnership, and became partnership capital for which the defendant, Gerald Tracy, is accountable.
It has been held that ‘1 an action at law may not be maintained by one partner against another for any claim arising from the partnership business until there has been an accounting of the business, a balance struck and an express agreement to pay.” (Friedland v. Friedland, 12 Misc 2d 349, 350.) This dictum, however, does not apply in this case because the parties by their own acts have submitted what the court acknowledges as a substantial account identical except as to the contribution made by the plaintiff, James Fazio, and, therefore, in view of the fact that the partnership has ceased operation as a going concern, and the parties are seeking a financial determination of their respective rights, the court can find in favor of either party to the agreement such amount as he may be entitled to, taking into consideration all the transactions which they personally were involved in with each other.
The court finds and determines, therefore, that the plaintiff, James Fazio, is entitled to an accounting and to judgment against the defendant, Gerald Tracy, which included his share of the funds contributed to the partnership as capital at the time the partnership agreement was entered into.