ment and it does not appear that he might not have prepared himself in exactly the same way if engaged in any other employment or vocation. The injury did not arise out of and in the course of his employment.

Orders reversed and claim dismissed, with costs against State Industrial Board.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Orders reversed, etc.

---

AMANDA A. EVANS, as Executrix of and Trustee under the Will of JACOB APPELL, Deceased, Appellant, *v.* ALBERT J. APPELL, Individually and as Executor of and Trustee under the Will of JACOB APPELL, Deceased, et al., Respondents.

*Executors and administrators — decedent's estate — executrix may not maintain action for partition in her representative capacity — complaint in action for construction of will dismissed on ground that such construction might be had in Surrogate's Court upon accounting.*

*Evans* v. *Appell*, 211 App. Div. 105, affirmed.

(Argued February 24, 1925; decided March 5, 1925.)

APPEAL from a judgment, entered December 24, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion for a dismissal of the complaint and granted said motion. Plaintiff in her prayer for relief asked for a construction of the will of Jacob Appell, deceased, and a partition and sale of the real and personal property left by the testator, and the appointment of a receiver of said property. The Appellate Division held that plaintiff could not maintain an action for partition of real estate in her representative capacity and that the will might be construed if necessary upon the accounting in Surrogate's Court, thus avoiding a multiplicity of suits.

*Benjamin E. Messler* for appellant.

*Frank C. Laughlin, Joseph W. Kirkpatrick* and *Albert J. Appell* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: McLAUGHLIN, J.

---

In the Matter of the Application of CITY OF MOUNT VERNON, Respondent, *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

*Railroads — municipal corporations — apportionment of expense of constructing overhead crossing.*

*Matter of City of Mt. Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 208 App. Div. 738, affirmed.

(Argued February 24, 1925; decided March 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 15, 1924, which modified and affirmed as modified an order of Special Term confirming the report of a referee in a proceeding under section 94 of the Railroad Law to determine the apportionment of the expense of construction of an overhead crossing over the right of way of the defendant railroad in the city of Mount Vernon.

*Isaac N. Mills* and *Charles M. Sheafe, Jr.,* for appellant.

*Hugh M. Hewson* and *Alonzo C. Lowenstein* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, ANDREWS and LEHMAN, JJ.; HISCOCK, Ch. J., not voting; CRANE, J., votes to dismiss appeal; McLAUGHLIN, J., absent.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. VILLAGE OF BROWNVILLE, Appellant, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

*Constitutional law — railroads — constitutionality of chapters 134 and 335 of the Laws of 1921 amending Public Service Commissions Law relative to regulation of railway fares.*

*Matter of Vil. of Brownville* v. *Pub. Service Comm.*, 209 App. Div. 640, affirmed.

(Argued February 24, 1925; decided March 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered