UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee, etc., Plaintiff, v. CLEMENT H. SMITH COMPANY and Others, Defendants.

Supreme Court, Bronx County, September 14, 1931.

*Philip J. Dunn,* for the plaintiff.

*John O'Brien,* for the defendant.

MCGEEHAN, J. This is an action in partition brought by a trustee under a will. Several of the defendants move to dismiss the complaint under rule 106, subdivisions 3 and 5, Rules of Civil Practice. For the purpose of the motion every allegation of the pleading must be assumed to be true.

Section 1012 of the Civil Practice Act provides that where two or more persons hold and are in possession of real property as joint tenants or as tenants in common any one or more of them may maintain an action for the partition of the property according to the respective rights of the persons interested therein. Section 1018 provides that no person other than a joint tenant or a tenant in common of the property shall be a plaintiff in the action.

The defendants argue that the plaintiff as a trustee, vested with a power of sale, is not one of the persons specified in the statute. The will under which the trustee is acting is not set forth in the complaint. The plaintiff alleges that it acquired its title as tenant in common as a residuary trustee by a devise contained in the will, that the plaintiff and one of the defendants are seized in fee simple and entitled to the property as tenants in common, and that the " plaintiff is seized in fee simple of an undivided one-half

share thereof." These allegations until controverted give the plaintiff the right under the statute to institute the action. On the trial they must be established by competent proof.

If the plaintiff is not the owner of one-half of the fee and is acting only in a representative capacity it would seem that the action may not be maintained by it. (*Evans* v. *Appell*, 211 App. Div. 105, 109; affd., no opinion, 240 N. Y. 585.) For the purpose of pleading, the allegations of the complaint appear sufficient. Motion denied.