In the Matter of the Estate of MARK ROSENTHAL, Deceased.*

Surrogate's Court, New York County, October 30, 1940.

*Julian Buchbinder*, for the executor.

*Edward E. Hoenig*, for Estelle R. Kahn, respondent.

*House, Grossman, Vorhaus & Hemley*, for Charles B. Knight Agency, Inc., respondent.

DELEHANTY, S. In this discovery proceeding two questions are presented. The first has to do with the jurisdiction of the court to entertain the proceeding. The parties respondent are an insur-

*Affd., 262 App. Div. ——.

ance company, a general agency for an insurance company, the purported assignee of moneys due under an agent's contract with the insurance company and the general agency and the estate of deceased. Under the agent's contract the insurance company has actually paid to its general agency a definite sum of money for distribution to agents entitled thereto. The insurance company makes no claim of its own to this property and has fully appropriated it to the persons entitled to payment under the agent's contract. The general agency makes no claim to the money and has in turn appropriated a part of the general fund sent to it by the insurance company as a payment due under deceased's contract. It stands ready to deliver the funds to the person held by this court to be entitled thereto. The only controversy is between the respondent who claims to be assignee of the contract and of the funds due under it on the one part and the estate representative on the other. Objection to the jurisdiction of the court is based upon the familiar rule stated in *Matter of Thomas* (235 App. Div. 450). That case is not in point here because the persons who have the funds are ready to pay them under the decree in this proceeding. The principle of the cited case may not be urged by the respondent here. It is now settled law that the accrual of the fund after the death of deceased does not oust the court of jurisdiction in discovery. (*Matter of Akin*, 248 N. Y. 202.) A discovery process applies even to property which never came into the ownership of deceased. Thus insurance moneys received by a respondent for account of an estate are recoverable. (*Matter of Feinberg*, 252 App. Div. 853; affd., 277 N. Y. 698.) And even the non-existence of the funds in the possession of respondent by reason of his transfer of them to another person is not a defense in discovery. (*Matter of Wilson*, 252 N. Y. 155.) The court holds that there is no jurisdictional bar to this proceeding.

On the merits the only question presented is whether or not a paper which is in evidence constitutes an outright assignment to respondent of the moneys in controversy. The court has taken proof respecting the history of this document. Some witnesses purported to repeat the conversations of deceased about it though confessing that the lapse of years had made their report undependable. The same witnesses in some instances gave wholly contradictory reports of deceased's statements about the document. Other witnesses for respondent quoted deceased in such terms as to make it plain that he regarded the document as a testamentary disposition and nothing more. The court holds on all the facts proved that the document was not an assignment by deceased effective in his lifetime and that it conveyed no interest to respond-

ent which was not subject to revocation at the will of deceased. The court holds that the instrument was an attempted testamentary disposition. (*McCarthy* v. *Pieret*, 281 N. Y. 407, and cases there cited; *Sullivan* v. *Sullivan*, 161 id. 554.) Respondent made no effort to establish an execution of the document in conformity with the Statute of Wills. Even if so executed the document would have been without effect since the later probated will of deceased disposed of the property and so must be held to have revoked any earlier testamentary instrument.

For the reasons stated the court holds that the moneys in controversy are the property of the estate of deceased and that respondent has no title or interest therein and acquired none under the purported instrument of assignment which is in evidence. Respondent insurance company asked for a specific direction of the court as to the payment of future sums accruing under the contract of deceased. No such direction can be given but the finding here made establishes completely the estate title in the contract and negatives completely any interest of respondent therein.

Submit, on notice, decree accordingly.