In the Matter of the Estate of WALTER H. MARTIN, Deceased.

Surrogate's Court, New York County, December 22, 1941.

*Earl E. Keyes,* for the petitioner.

*James R. Deering,* respondent, in person.

FOLEY, S. The administratrix in this discovery proceeding sought the delivery from respondent of certain documents which were claimed to be the property of the estate. She also demanded the recovery of certain specific moneys which, she asserted, were collected by the respondent and were assets of the estate.

As to the documents, the issue has been disposed of by the concession of the administratrix that certain of them have been delivered to her as assets of the estate, and she has renounced any claim to any other documents. In so far as the recovery of the specific money is concerned, the administratrix sought to discontinue and withdraw the proceeding and thus avoid a final disposition in this court upon the merits. After the inception of this proceeding, she commenced an action against the respondent in the Supreme Court in her capacity as administratrix, and individually, for the same relief.

The application to withdraw and discontinue was denied upon the ground that where an executor or administrator or other legal representative of an estate invokes the jurisdiction of this court, a willing respondent is entitled to a trial and determination here and should not be subjected to the harassment of an action in another forum brought for the same relief. Under the broad provisions of subdivision 3 of section 40 of the Surrogate's Court Act, the surrogate may " direct and control the conduct " of legal representatives. The situation, therefore, is utterly unlike the position of an individual plaintiff in an action in some other court with the right to discontinue.

There is unquestioned jurisdiction in this court under the form of the petition because the demand is based upon allegations that the respondent was the attorney for the administratrix or her agent or a custodian of specific moneys. (*Matter of Akin,* 248 N. Y. 202; *Matter of Feinberg,* 252 App. Div. 853; affd., 277 N. Y. 698; *Matter of Wilson,* 252 id. 155; *Matter of Browning,* 176 Misc. 308.)

The claim to the accrual of the funds after the death of the decedent does not oust the court of jurisdiction (*Matter of Rosenthal,* 175 Misc. 771), nor is the fact of the pendency of the action in the Supreme Court of any consequence. Since the Surrogate's Court has assumed jurisdiction, all the issues may be disposed of

here. (*Matter of James,* 173 Misc. 1042; affd., 262 App. Div. 703; affd., 287 N. Y. 645; *Noll* v. *Ruprecht,* 256 App. Div. 926; affd., 282 N. Y. 598; *Evans* v. *Appell,* 211 App. Div. 105; affd., 240 N. Y. 585.)

Finally, the respondent has moved to dismiss the petition as insufficient in law as a basis for any recovery of specific moneys. The motion has been granted. The decedent was an attorney who was regularly employed by the respondent. The administratrix alleges in the petition that an agreement was made between herself as fiduciary and the respondent, by which certain briefs, computations and lists of potential clients were to be delivered to the respondent and that any fees which he procured from the use of these documents were to be divided with the estate, of which the administratrix, the daughter of the decedent, is the sole distributee and concededly not an attorney at law. The claim is further attacked as stale since the administratrix was appointed in 1930, over eleven years ago.

The respondent vigorously denies that he ever made any such arrangement and contends that the very form of the agreement, as alleged in the petition, was void as against public policy and violative of the statutory and case law which prohibits the division of the fees of an attorney with a layman. (*Matter of Clark,* 184 N. Y. 222; *Mendelson* v. *Gogolich,* 243 App. Div. 115; *Matter of Littick,* 225 id. 246; affd., 253 N. Y. 613; *Matter of Newman,* 172 App. Div. 173.)

Section 276 of the Penal Law specifically prohibits such an agreement for a division of compensation and defines the offense as a misdemeanor.

The alleged agreement for a division of fees is void. The claim of the administratrix that the respondent is liable for the value of the good will of the decedent is likewise unfounded. Death extinguished that element. In the case of a professional man, his skill cannot survive his death and hence any value inhering to it or to the concomitant reputation entirely disappears. (*Matter of Caldwell,* 107 Misc. 316: affd., 195 App. Div. 890; 6 Heaton on Surrogates' Courts [5th ed.], p. 228.)

This discovery proceeding is dismissed upon the merits. Submit decree on notice accordingly.