OPINION OF THE COURT
Jasen, J.
The issue presented on this appeal is whether the sale of good will, insofar as it relates to the practice of a profession, may encompass something other than the personal skill, judgment and reputation of a deceased professional.
On January 30, 1972, Dr. Ralph L. Spaulding, a dentist who had practiced in Monticello for many years, died, leaving his entire estate, including his dental practice, to his wife, plaintiff Ida W. Spaulding. On July 14, 1972, plaintiff entered into a written agreement to sell her deceased husband’s dental practice for $11,000 to defendant Frank J. Benenati. The contract provided for the sale of “[a] 11 of the equipment, fixtures, instruments, furniture, and files, and including the good will, and any and all things constituting the dental practice of the late Dr. Ralph L. Spaulding at 236 Broadway in the Village of Monticello”. The consideration to be paid was apportioned among the various assets of the practice. The dental supplies were valued at $1,000 and the equipment, fixtures, instruments, furniture and other tangible assets were valued at $6,000. Four thousand dollars was assigned as the value of the good will. The contract also provided that defendant would have the right, for six years, to lease the office premises of the late Dr. Spaulding at a rate of $150 *421 per month for the first three years and $200 per month for three additional years. Except for a $1,500 down payment, the payments in consideration for the practice were to be made in monthly installments.
When defendant defaulted in making certain monthly installment payments, plaintiff commenced this action for breach of contract. Defendant asserted as his third defense that the good will of a deceased professional is not a saleable asset. In response to plaintiff’s motion to dismiss that defense, defendant cross-moved for partial summary judgment dismissing so much of the complaint that sought recovery for $4,000 owed with respect to the sale of good will on the ground that the good will of a professional is not a saleable asset and, therefore, his promise to pay $4,000 is unenforceable for lack of consideration.[1] Special Term granted plaintiff’s motion to dismiss defendant’s third defense and denied defendant’s cross motion.
On appeal, the Appellate Division modified Special Term’s order by reinstating defendant’s third defense and granting defendant’s cross motion for partial summary judgment, holding that saleable good will cannot arise in a professional business which depends upon the personal skill of and confidence in a particular person.
We have no disagreement with the Appellate Division as to the general rule that the personal skill, judgment and reputation of a professional person, whether deceased or living, is not a saleable item. (25 NY Jur, Good Will, § 7, p 218.) This rule is based on the sound reasoning that the name, skill, judgment, and reputation of a professional person is inseparable from that person and follows its possessor wherever he goes. “In the case of a professional man, his skill cannot survive his death and hence any value inhering to it or to the concomitant reputation entirely disappears.” (Matter of Martin, 178 Misc 43, 45.)
Additional support for this rule is found in the public policy of this State. With respect to that element of good *422 will which is comprised of the name of the professional whose practice is purchased, “it would be a fraud on the public to attempt to conserve the good will of an individual or former partner, which is personal to him, by attempting to create [a false] appearance of continuity.” (Weiner v Weiner, 88 Misc 2d 920, 924, citing Bailly v Betti, 241 NY 22.) It is axiomatic that one who purchases the professional practice of another can never acquire the right to deceive the public. (Laube, Good Will in Professional Partnerships, 12 Cornell LQ 303, 322.) The courts that have adopted this rule have recognized the reality that personal attributes of a professional person expire at his death. (Matter of Martin, supra; Matter of Leserman, 145 Misc 387; Matter of Caldwell, 107 Misc 316.) These courts have thus provided for the protection of the public from fraud and deception by refusing to enforce contracts which purport to transfer the name, skill, judgment or reputation of a deceased professional as an element of good will. Consequently, individuals are prevented from practicing a profession under the pretense of having somehow acquired by purchase or inheritance the personal attributes of another professional.
However, this rule, which has our unqualified support, applies only to the sale of the good will of a professional practice which is comprised solely of the personal skill, judgment or reputation of the professional whose practice is being sold. A brief review of past decisions of this court makes it clear that the rule should not be applied to the situation where the sale of good will is intended to include something other than the personal attributes of a professional, such as the right to establish a practice on the same premises used by the former practitioner.
An early decision of this court involved a dispute over the value of the benefit, if any, a partner in a dental practice derived by remaining at the professional partnership’s place of practice. It was found that the remaining partner “acquired an advantage over the [departing partner], for he had the exclusive right to occupy the rooms of the late firm, and as incident thereto, the benefit of that good will, which Lord Eldon defines, in Crutwell v Lye (17 Vesey, 335), ‘as the probability that the old customers will *423 resort to the old place’.” (Morgan v Schuyler, 79 NY 490, 493.) The court went on to distinguish this element of good will from that which attaches to a professional practice as the result of confidence in the professional’s skill and ability.
In a case involving the sale of a brokerage business,[2] this court once again adopted a broad definition of good will, stating that “[m]en will pay for any privilege that gives a reasonable expectancy of preference in the race of competition * * * Such expectancy may come from succession in place or name or otherwise to a business that has won the favor of its customers.” (Matter of Brown, 242 NY 1, 6.) Elaborating on the elements which comprise good will, Judge Cardozo opined “[t]he chief elements of value upon any sale of a good will are, first, continuity of place, and, second, continuity of name”. (Matter of Brown, supra, at p 7 [emphasis in original]; see, also, People ex rel. Johnson Co. v Roberts, 159 NY 70, 83.) Expressing doubt that continuity of place would be of great value, he commented further that even if the individuals who sell a business inform their customers that they will be doing business elsewhere, “[n]one the less, some customers might wander into the old place from forgetfulness or habit.” (Matter of Brown, supra, at p 11.) While we agree with Judge Cardozo that there is doubt whether a privilege so uncertain would be worth a great deal, we do not believe that the court should interfere in the voluntary agreement reached by sophisticated parties to a contract. If an individual chooses to pay for the expectancy that customers will return to the seller’s former location, believing the right to locate there is a valuable asset, and agrees on a price therefor, so be it. Absent a claim of fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny. (Mencher v Weiss, 306 NY 1; Mandel v Liebman, 303 NY 88; 21 NY Jur 2d, Contracts, § 74, pp 493-494.)
*424 While it is arguable that the expectation that former patients will return to a particular professional’s place of business is greater where one of the partners of the former association remains at that place of business, as was the case in Morgan v Schuyler (supra), we believe that there is still a significant probability that people living in the surrounding neighborhood who have regularly patronized a professional practice will continue to frequent that professional office even though the practice is being conducted by a different person. The extent of this probability depends upon force of habit, convenience of location, attractiveness of the premises, availability of convenient alternatives and numerous other factors. It cannot be seriously contended that such an expectancy is without value and insufficient as consideration to bind one to honor a promise to pay the value assigned to it.
There is no valid reason advanced why the term good will, not otherwise defined or restricted in this agreement, should not be construed broadly.[3] It can include, but is not limited to, such things as continuity of location of a professional office, name, skill, judgment and reputation. While the good will of a professional practice which depends solely on the name, skill, judgment or reputation of a professional is not a saleable asset (25 NY Jur, Good Will, § 7, p 218; Matter of Martin, 178 Misc 43, supra), professional good will which is comprised of an element other than personal attributes of a professional person, such as continuity of location of a professional office, is a saleable asset which is attached to the place, not the person, and survives the death of that person.
*425 In our view, the trial court’s interpretation — that the defendant agreed to pay $4,000 “for the right to open a dental practice in the same premises” as formerly occupied by the deceased dentist “and remain there for six years” — is both reasonable and in conformity with the intention of the parties.[4] Indeed, a different interpretation would operate to leave that provision of the contract which provided for the sale of good will without force and effect — a result which should be avoided by the courts when interpreting a contract. (Laba v Carey, 29 NY2d 302, 308; Corhill Corp. v S. D. Plants, Inc., 9 NY2d 595, 599; Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46.)
Nowhere in defendant’s version of the facts does he claim that the plaintiff attempted to sell him the deceased dentist’s skill and judgment. On the contrary, the defendant merely states in bald conclusory form that his “attorney . has now informed [him] that Mrs. Spaulding did not have any vested interested [sic] in any ‘good will’ of her late husband’s dental practice, therefore she could not have sold anything that she did not possess.” (Emphasis supplied.) It was essential for the defendant, in claiming absence of consideration, to state his version of the facts in evidentiary form. Bald conclusory assertions are insufficient to defeat summary judgment. (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255.)
Since no evidence has been presented which would establish a contrary intent, we conclude, as a matter of law, that the saleable item of good will which defendant agreed to buy was the benefit to be derived by locating his dental practice on the premises formerly occupied by the late Dr. Spaulding. Having agreed to pay $4,000 for that benefit and been allowed to lease the premises for six years, defendant will not be heard to question whether it was, in fact, worth that sum.
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff’s motion to dismiss defen *426 dant’s third affirmative defense granted, defendant’s cross motion for partial summary judgment denied and the certified question answered in the affirmative.
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur; Chief Judge Cooke taking no part.
Order reversed, etc.

. As the Appellate Division correctly found, a contract involving multiple promises, each of which is exchanged for a specifically identified portion of the entire consideration, is enforceable in part even though one of the bargained for promises is unenforceable for lack of consideration. (1 Williston, Contracts [3d ed], § 134, p 566; § 137A, p 594; Restatement, Contracts 2d, § 80, pp 204-205.)

. While it is true that contracts purporting to transfer the good will of a business may be analyzed differently depending on whether a professional or commercial business is involved, the distinction is irrelevant for purposes of defining good will and isolating the individual elements which may be included in the term. For this reason, cases dealing with commercial and professional good will will be discussed in deciding what intangible assets the term may include within its definition.

. Further support for a broad definition of good will is found in Justice Story’s treatise on the law of partnership in which good will is described as “the advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement, which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices.” (Story, Partnership, § 99, p 170.) In addition, Black’s Law Dictionary defines good will as, inter alia, “every advantage, every positive advantage, that has been acquired by a proprietor in carrying on his business, whether connected with the premises in which the business is conducted, or with the name under which it is managed, or with any other matter carrying with it the benefit of the business.” (Black’s Law Dictionary [5th ed], p 625.)

. It should be noted that we do not agree with trial court’s finding that part of the $4,000 figure was paid in exchange for Dr. Spaulding’s files. The contract clearly shows that good will and the files were two separate and distinct assets.