OPINION OF THE COURT
Vincent R. Balletta, J.
This is a motion by the plaintiff for an order directing the defendant to answer certain interrogatories.
In this matrimonial action, the plaintiff has served upon the defendant a first set of interrogatories, along with a supplement thereto. On this motion, the plaintiff argues that the defendant has not sufficiently answered with respect to five interrogatories, specifically interrogatories Nos. 9, 12, 23, 39, and supplemental interrogatory No. 4.
The defendant is a practicing attorney and a partner in a New York City law firm. Interrogatories Nos. 9 and 12 deal with the defendant’s interest in his law firm. Initially the court would note that both the plaintiff and' defendant *951 have cited Litman v Litman (115 Misc 2d 230). Both counsel take the position that in Litman, I held that a law practice does not have any value whatsoever for equitable distribution purposes. This, however, is not the case. In Litman I merely held that the good will of a law practice is not subject to equitable distribution. Specifically, on this point, I stated at page 236: “This decision, however, is not meant to indicate that the defendant is prohibited from sharing in any fixed assets which the plaintiff’s law firm may have, such as cash on hand, library, fixtures, furniture, leasehold interest, etc.”
Although both parties have cited the Litman decision incorrectly, it should be pointed out that the Court of Appeals in the case of Spaulding v Benenati (57 NY2d 418), in a case not involving equitable distribution, has ruled that the good will of a dental practice has no value. In Spaulding, the court indicated it was in agreement with the Appellate Division, that as a general rule the personal skill, judgment, and reputation of a professional person, whether deceased or living, could not be sold. In Spaulding, the court, in discussing the rule that the good will of a profession may not be sold, stated at page 422: “However, this rule, which has our unqualified support, applies only to the sale of the good will of a professional practice which is comprised solely of the personal skill, judgment or reputation of the professional whose practice is being sold. A brief review of past decisions of this court makes it clear that the rule should not be applied to the situation where the sale of good will is intended to include something other than the personal attributes of a professional, such as the right to establish a practice on the same premises used by the former practitioner.”
This is precisely the point which was made in the Litman decision, and in my view the Spaulding case is supportive of the position I have taken in Litman. While it is true that there are those who seek to create entirely new property rights under the Equitable Distribution Law (Domestic Relations Law, § 236, part B), there is nothing which can be found, either by way of legislative intent or otherwise, which gives validity to the creation of new and far-reaching property rights which have not existed and do not exist. *952 The Equitable Distribution Law did not in any way change the classical and traditional concepts of property, despite the efforts of writers on the subject to suggest otherwise.
With this in mind, and turning to the specific interrogatories, there can be no doubt that since the enactment of the equitable distribution statute a court is now mandated to consider certain factors in making any distribution of marital property or any award for maintenance or child support. In order to do this, the parties must be adequately prepared to present evidence on those issues. (Roussos v Roussos, 106 Misc 2d 583.) Extensive disclosure is necessary. (Wells v Wells, 108 Misc 2d 501.) As was aptly stated by Justice Lonschein in Roussos, at page 586: “comprehensive and detailed disclosure as to all financial issues must be allowed, if the new law is to fulfill its purpose.” Furthermore, interrogatories are a particularly valuable tool to assist the practitioner in obtaining full financial 'disclosure. (Myers v Myers, 108 Misc 2d 553.)
Interrogatory No. 9 seeks essentially three items: (1) each partner’s interest as well and the defendant’s interest in the firm; (2) copies of the partnership agreements for the last five years; and (3) copies of partnership tax returns for the last five years.
With respect to item (1), the defendant has already sufficiently complied by indicating to the plaintiff that his interest in the firm is 1.69%. Furthermore, with respect to the names and addresses of the partners and the extent of their interest in the partnership, that is not material or relevant to the instant action and the defendant should not be required to provide this information to the plaintiff. As to the partnership agreements and tax returns, the defendant argues that such should not be turned over to the plaintiff in that they contain much confidential material relating to other members of the firm. The defendant has offered to turn over to the counsel for the plaintiff what he purports to be all relevant portions of the partnership agreements. This, however, is not sufficient, since it may well be that there are parts of the agreements material and relevant other than those stated by the defendant. Prior to turning over the agreements, however, the names of all partners other than the defendant himself may be redacted *953 therefrom. With respect to the tax returns, these also are material and relevant, and shall be turned over to plaintiff’s counsel after the names of all partners other than the defendant have been redacted. After making the foregoing redactions, the partnership agreements and tax returns covering the last five years shall be turned over to counsel for the plaintiff.
The defendant’s reliance on Ingarra v Ingarra (75 AD2d 576) as authority for not turning over the agreements and tax returns, is misplaced since there the business entity was a corporation in which the defendant was a minority shareholder. In Ingarra the court held that there was no need for an extensive examination into the finances of the corporation. Here, all that the plaintiff is seeking is partnership agreements and tax returns, and such should be produced. It should also be kept in mind that Ingarra was a pre-equitable distribution case, and in Rubin v Rubin (87 AD2d 587), the Appellate Division, in recognizing this point, indicated at page 587 that the parties must be granted “searching exploration of each other’s assets and financial dealings”. Also, although Rubin involved disclosure of a corporation’s records where a husband had a 50% interest, the Practice Commentaries to the Domestic Relations Law (McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, Practice Commentary C236B:6, 1982-1983 Pocket Part, p 66) suggest that as long as a spouse has a significant interest, even much less than a 50% interest, in a business entity, discovery of the business entity records should be permitted for equitable distribution purposes.
Although this court is granting discovery of the partnership agreements and tax returns, the court is in no way adopting the position taken by the plaintiff’s attorney that the terms and provisions of the partnership agreement itself are not dispositive as to the defendant’s interest in the partnership for equitable distribution purposes. The agreement will control, unless the plaintiff can show that the agreement is a sham and is not reflective of the defendant’s true interest in the corporation.
It is hornbook law that a court cannot rewrite a partnership agreement (15 NY Jur 2d, Business Relationships, *954 § 1308), and the terms and provisions of the agreement which provide for distribution of assets and participation in profits and losses between the partners will be controlling. (Lanier v Bowdoin, 282 NY 32; Shubert v Lawrence, 27 AD2d 292.) Indeed, even in Stolowitz v Stolowitz (106 Misc 2d 853) which contains dicta indicating that good will would be part of the valuation of a law partnership, the court recognized that in valuing the defendant’s interest in the law firm, the partnership agreement would be presumptively reflective of the actual present value. The Equitable Distribution Law cannot give someone a right that does not exist, -nor can it change rights as may exist between partners, thereby mandating an interest in a partnership for equitable distribution purposes greater than agreed upon between the partners and binding upon them.
With respect to interrogatory No. 12 which seeks, inter alia, certain values of the defendant’s interest in the law firm, the plaintiff indicates she is willing to accept the partnership financial statements, including balance sheets, operating statements, and sources and application of fund statements. Clearly, the plaintiff is entitled to such information, and rather than requiring the defendant to reply to all specific subdivisions which he objects to in interrogatory No. 12, he shall provide the foregoing financial statements.
As to interrogatories Nos. 23 and 39, the defendant has not sufficiently answered the interrogatories. He should respond to each interrogatory and subparagraph thereof. If the defendant does not have the particular information or documents sought, he should so state in his answer.
With respect to supplemental interrogatory No. 4, which seeks information relative to the defendant contributing maintenance and support, directly or indirectly, to a third party or parties exclusive of the plaintiff or the children of the marriage, the plaintiff does not dispute that there has been an extensive examination before trial on this subject. Furthermore, it would appear that the real “target” of this supplemental interrogatory is one Linda Hayman who Justice Bruscia in an order dated January 28, 1983, indicates has established a household with the defendant. *955 Justice Bruscia’s order continued: “At the examination before trial of defendant, he produced all checks for the period in question, including numerous checks made out to or on behalf of Linda Hayman.” Justice Bruscia also granted plaintiff the right to take a nonparty examination before trial of Linda Hayman. Under the circumstances, delving further into this area, which the court considers to have little, if any, effect on any ultimate decision, is not warranted. Supplemental interrogatory No. 4 is stricken.
The defendant shall respond to the other interrogatories within 30 days after service of a copy of this order upon his attorneys.