■ RUTH B. ROSENBERG, Respondent-Appellant, v ALLEN P. ROSENBERG, Appellant-Respondent. (Appeal No. 1.)—Order unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following memorandum: Defendant husband appeals and plaintiff wife cross-appeals from an order that resolved the economic issues incident to their divorce. The parties married in 1965 when the husband was 34 and the wife was 30 years old. Six children were born of the marriage. The parties separated in August 1983, pursuant to an agreement to live apart. This agreement did not address any economic issues, but postponed resolution of such issues without prejudice to either party. The divorce decree provided that all economic issues would be determined at a later date. After a trial in January 1987, the court distributed the marital property 70% to the wife, 30% to the husband, although distribution of the husband's share of the marital property was deferred until the youngest child reached the age of 21. The court ordered the husband to pay $50 per week per child in child support until the children reach the age of 21 or graduate from college. The court denied defendant's request for maintenance and denied both parties' motions for counsel fees and expert fees.

Both parties were attorneys at the time of the marriage. During the marriage, the wife became a partner in a large law firm in Rochester, New York, and at the time of trial earned in excess of $200,000 per year. The husband was less successful financially, and at the time of trial he was em-

ployed as counsel to the Assistant Secretary of the Navy at an annual salary of approximately $45,000.

We determine that the court's award of child support was excessive. Although both parents are required to support their children, consideration must be given to their relative financial circumstances (see, Domestic Relations Law § 236 [B] [7] [a] [1]; *Mavra v Mavra,* 131 AD2d 447; *Jeanne M. v Richard G.,* 96 AD2d 549, 550, *appeal dismissed* 61 NY2d 637). In this case, the husband was ordered to pay approximately half of his total disposable income for the benefit of the children. This amount is excessive, especially considering plaintiff's far greater earnings. We further find that the amount that plaintiff claims necessary for the support of the children is inflated and extravagant, and find that the children can be supported adequately on an amount much less than this. Considering defendant's ability to pay, we reduce the amount of the child support award to $25 per week per child, and otherwise affirm. The award of child support was properly made retroactive to January 1984, the date of the application therefor (Domestic Relations Law § 236 [B] [7] [a]).

We further conclude that the court's determination that the husband is required to pay child support until the children graduate from college even after they attain the age of majority was erroneous. There is no statutory authority for such holding (see, *Hirsch v Hirsch,* 142 AD2d 138).

We find the trial court's decision to divide the marital assets 70% to the wife and 30% to the husband to be supported by the record. There is no statutory requirement that marital assets be distributed equally; they must be distributed equitably (Domestic Relations Law § 236 [B] [5] [c]; *Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Bisca v Bisca,* 108 AD2d 773, 774, *appeal dismissed* 66 NY2d 741). Upon our review of the record, we conclude that the trial court's finding that the wife's contributions to this marriage, both economic and noneconomic, were greater than that of the husband should not be disturbed.

The trial court erred, however, by deferring distribution of the husband's share of the marital property until the youngest child reaches the age of 21. The court's decision to so defer distribution was based upon its interpretation of a line in the parties' separation agreement, inserted at the insistence of plaintiff with no discussion between the parties concerning their intent. The parties agreed that no property issues were being addressed at the time of the separation "without preju-

dice to either party." The agreement further provided that "[t]he parties mutually recognize and agree that their marital property is to be used primarily for the support and education of their children." We find that language to be an unambiguous direction that, during the pendency of the separation, marital property was to be used for the children's benefit. However, we cannot find in these words the meaning placed upon them by the trial court: that defendant agreed to have his share of the marital property placed into a trust for the benefit of the children for an indefinite period of time. Moreover, if we were to determine that the language of the agreement was ambiguous, any ambiguity should be resolved against plaintiff, who drafted the agreement and admitted at trial that its meaning was never discussed by the parties (see, Dimino v Dimino, 91 AD2d 1185, appeals dismissed 59 NY2d 968). Therefore, we modify the order to provide that plaintiff must pay defendant his distributive share of the marital assets, including his share of the value of the personal property, the marital residence, and plaintiff's law practice, pension, and Keogh plans, less arrearages, in annual installments over a 15-year period, with interest at the statutory rate. The first installment is to be made within 90 days of service of this court's order.

Although we agree that plaintiff's pension and Keogh plans were properly valued as of the date of the parties' separation, we conclude that the trial court erred by valuing the marital residence at $270,000, as of the date of separation, rather than at $400,000, as of the date of the sale of the marital residence in 1985. Although the valuation date of a marital asset is generally a matter of discretion for the trial court, the value of a marital residence is generally fixed at the time of trial (Wegman v Wegman, 123 AD2d 220, 232). To use any earlier date would "result in a windfall to the titled spouse and injustice to the other" (Wegman v Wegman, supra, at 234; see also, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:26, at 286). Therefore, we modify the order to fix the value of the marital residence at $400,000. Plaintiff is entitled to a credit in the amount of $14,485, for the money she expended on repairs to the marital residence after the date of the separation agreement but before the sale, fixing the amount of the marital equity in the residence at $231,326.58. Defendant is entitled to 30% of this amount.

In our view, the testimony in the record was sufficient to support a determination that the income flow from plaintiff's

Keogh plan would be taxed at a 35% rate. We, therefore, reduce the value of plaintiff's Keogh plan for distribution purposes to $81,298.

Based upon the particular facts of this case, we agree with the trial court's conclusion that the value of plaintiff's interest in her law partnership should be governed by the terms of the partnership agreement, and is equal to the amount in her capital account as of the date of the parties' separation. The partnership agreement provides that a withdrawing partner is entitled to only the amount in his or her capital account and defendant is entitled to no greater rights in the partnership for equitable distribution purposes than plaintiff is entitled to by virtue of the partnership agreement (see, Cherno v Cherno, 118 Misc 2d 950, 953-954). Because defendant will begin receiving a distributive award pursuant to this court's modification, we decline to award defendant maintenance. We further affirm the trial court's denial of both parties' requests for counsel fees and expert fees. We have examined the remaining contentions advanced by the parties and find them to be lacking in merit. (Appeal from order of Supreme Court, Monroe County, Cornelius, J.—equitable distribution.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.