MARY ADELAIDE AUSTELL CRAVER AND HUSBAND, RICHARD D. CRAVER v. MARY FRANCES NAKAGAMA AND HUSBAND, SAMUEL NAKAGAMA; AND BETTY L. BURTON, SINGLE

No. 8827SC853

(Filed 6 June 1989)

**Partnership § 1— funeral home inherited by partners—commercial partnership—partnership name and goodwill as assets of partnership**

A partnership of three women who inherited a funeral home was a commercial partnership rather than a professional partnership, and the partnership name and goodwill could be sold with the remaining assets of the partnership upon dissolution, since it was the skill and judgment of the partnership's employees, not the partners themselves, which provided the basis for the funeral home's reputation and business; the partners themselves were not involved in the daily operation of the business; and the mere fact that the partnership's books did not carry goodwill or the partnership name as an asset did not mean that the family name was a personal asset of the partners.

CRAVER v. NAKAGAMA

[94 N.C. App. 158 (1989)]

APPEAL by petitioners Craver and respondents Nakagama from *Lewis (Robert D.), Judge.* Judgment entered 17 March 1988 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 15 March 1989.

This is a special proceeding brought by petitioners Mary Adelaide Austell Craver (Craver) and her husband, Richard D. Craver against Mary Frances Nakagama (Nakagama), and her husband Samuel Nakagama, and Betty L. Burton (Burton) to wind up their partnership in the Lutz-Austell Funeral Home. Craver, Nakagama, and Burton are the only partners in this business partnership. Each of the partners inherited their respective interests in the partnership.

The Lutz-Austell Funeral Home has provided funeral services in Shelby, North Carolina since 1932. Roscoe Lutz and Charles Austell began the partnership with an oral agreement. Upon Roscoe Lutz's death in 1951 Charles Austell continued to operate the business. Austell died in January 1967. Since that time the funeral home has been managed and operated by licensed funeral directors and embalmers employed by the partnership.

Upon the filing of respondents' pleadings the clerk of superior court transferred the case to the superior court in accordance with G.S. 1-399. On 29 January 1988 the parties entered into a consent agreement agreeing that the sole issue to be determined at trial was whether the name Lutz-Austell Funeral Home could be sold as a partnership asset. The trial court empaneled a jury to decide the issue. The jury's verdict determined that the partnership name was a partnership asset. Respondent Burton moved for judgment notwithstanding the verdict which the trial court granted. From the judgment entered, the petitioners Craver and respondents Nakagama appeal.

*Richard D. Craver for petitioner-appellants Craver.*

*Robinson, Bradshaw & Hinson, by Garland S. Cassada and Jane S. Ratteree for respondent-appellants Nakagama.*

*Weinstein & Sturges, by Fenton T. Erwin, Jr., L. Holmes Eleazer, Jr., and Judith A. Starrett for respondent-appellee Burton.*

EAGLES, Judge.

The Cravers and Nakagamas appeal the trial court's grant of respondent Burton's motion for judgment notwithstanding the

verdict. The issue is whether the name Lutz-Austell Funeral Home and its concomitant goodwill is a partnership asset which may be sold in conjunction with the physical assets owned by the partnership. Specifically, the issues before us are whether the providing of funeral services here constitutes a profession and whether there is any business goodwill which is partnership property. In addition, appellants argue that the trial court erred in concluding as a matter of law that the partnership name could not be partnership property since there was no evidence that the name was either contributed to the capital of the partnership or that it was carried on the partnership's books as an asset. We hold that the trial court erred in granting Burton's motion and, accordingly, we reverse the trial court's judgment and reinstate the jury's verdict.

The trial court may grant a motion for judgment notwithstanding the verdict only when the evidence, considered in the light most favorable to the non-movant, is insufficient as a matter of law to sustain a verdict for the non-movant. *Smith v. Price*, 315 N.C. 523, 340 S.E. 2d 408 (1986). Considered in the light most favorable to the Cravers and the Nakagamas, the facts show the following. Mrs. Craver inherited a fifty percent interest in the partnership from her father, Charles Austell, who was one of the founding partners of the Lutz-Austell Funeral Home. Mary Nakagama and Betty Burton each inherited a twenty-five percent interest in the partnership. Burton's father was Roscoe Lutz, the other founding partner of the business. Nakagama inherited her interest when her previous husband, William Lutz, died in 1982. William Lutz was the son of Roscoe Lutz.

Since Charles Austell's death in 1967 the day to day operations of the business have been managed by properly licensed employees hired by the partners. None of these key employees have been partners in the business. None of the current partners are licensed as funeral directors or embalmers. Mrs. Craver is a bank officer, Mrs. Nakagama is a stockbroker, and Mrs. Burton is a teacher.

The existence of goodwill is a question of fact for the fact finder. *In re Brown*, 242 N.Y. 1, 150 N.E. 581 (1926). Generally, a partnership's name is an inseparable part of the business' goodwill which may be sold along with the physical assets of the business. *O'Hara v. Lance*, 77 Ariz. 84, 267 P. 2d 725 (1954); 59A Am. Jur. 2d, Partnership, section 899. However, partners may agree that goodwill is not to be considered partnership property. *In re Brown* at 6, 150 N.E. at 582.

CRAVER v. NAKAGAMA

[94 N.C. App. 158 (1989)]

On the other hand, a professional partnership whose reputation rests solely on the individual skill of the partners has no goodwill that can be distributed once the partnership dissolves. *Cook v. Lauten*, 1 Ill. App. 2d 255, 117 N.E. 2d 414 (1954); 59A Am. Jur. 2d, Partnership, section 338. This is because the business conducted in professional partnerships is said to be personal with the client depending upon the individual skill, judgment and reputation of the partner with whom the client is dealing. *See Spaulding v. Benenati*, 57 N.Y. 2d 418, 442 N.E. 2d 1244, 456 N.Y.S. 2d 733 (1982). Any value attributable to the individual partner's skill or judgment disappears at the partner's death. *Id.* Finally, we note that, in North Carolina, a partnership is dissolved upon the death of one of the partners unless the partnership agreement states otherwise. G.S. 59-61(4); *Bennett v. Trust Co.*, 265 N.C. 148, 143 S.E. 2d 312 (1965).

The Lutz-Austell Funeral Home partnership actually has been a series of different partnerships. The current partnership arrangement began in 1982 when Mrs. Nakagama inherited her share of the partnership. The record here does not indicate any written partnership agreement.

Assuming *arguendo* that providing funeral services constitutes a profession, we hold here that the current Lutz-Austell Funeral Home partnership no longer constitutes a professional partnership, but rather constitutes a commercial partnership whose goodwill is a partnership asset. The evidence shows that it is now the skill and judgment of the partnership's employees, not the partners themselves, which provides the basis for Lutz-Austell's current reputation and business. The partners are not involved in the daily operation of the business. Any value which may have been attributed to the skill of the founding partners disappeared at their deaths. *Spaulding, supra.* Since Charles Austell's death in 1967, the partners' activities have been like partners' activities in a commercial partnership, such as approving the acquisition of new equipment and determining employee salaries. We hold that after 1967 the partnership name was no longer descriptive of the people running the business, but rather it began to "acquire[ ], through the incrustations of time, a veneer of associations artificial and impersonal." *In re Brown* at 9, 150 N.E. at 583.

The trial court further ruled as a matter of law that the family name was a personal asset of the partners because there was no

specific partnership agreement contributing the name to the partnership's capital account and there was no evidence that the name was carried on the partnership books as an asset. We hold that these events do not control the issue here.

As Professor Bromberg states in his treatise,

> [t]he partnership books should be entitled to little weight in this regard. Under tax and financial accounting theories, which determine the content of most books, goodwill may be included in a balance sheet only if it is purchased, and a retiring partner or decedent's representative usually claims self-generated goodwill.

Brombert and Ribstein on Partnership, section 7.13 (1988). Accordingly, the mere fact that the partnership's books do not carry goodwill or the partnership name as an asset does not entitle respondent Burton to her motion for judgment notwithstanding the verdict as a matter of law.

In addition, we hold that due to the partners' failure to account for the partnership name and goodwill in a written or oral partnership agreement, we must rely on the common law principles enunciated earlier. Having determined that this partnership was a commercial partnership rather than a professional partnership, we follow the general rule that the partnership name and goodwill may be sold with the remaining assets of the partnership upon dissolution.

Reversed.

Judges COZORT and GREENE concur.