■ FRANCINE L. BURNS, Respondent-Appellant, v EDWARD J. BURNS, Appellant-Respondent. (Appeal No. 1.) [598 NYS2d 888] — Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals and plaintiff cross-appeals from

portions of the judgment of divorce insofar as it resolved the economic issues incident to their divorce.

We reject defendant's contention that Supreme Court erred in directing him to pay child support in the sum of $620 per week, retroactive to February 24, 1989 *(see,* Domestic Relations Law § 240 [1-b]; *Harmon v Harmon,* 173 AD2d 98). The record shows, however, that defendant is paying support to meet all of the child's financial needs. Thus, we conclude that he is entitled to claim the child as an exemption for income tax purposes *(see, Zogby v Zogby,* 158 AD2d 974; *Sheehan v Sheehan,* 152 AD2d 942, 943; *see also,* 26 USC § 152 [e]).

Contrary to defendant's arguments, the court did not err in awarding plaintiff maintenance in the sum of $500 per week. The court properly took into consideration the parties' pre-divorce standard of living as well as the reasonable needs of plaintiff and the means of defendant *(see,* Domestic Relations Law § 236 [B] [6] [a]; *see also, Raviv v Raviv,* 153 AD2d 932, 934). The court, however, should not have directed that main-tenance be paid for an 11-year period. Plaintiff is approxi-mately 42 years old, is in good health, has no child-care responsibilities and, in 1984, was awarded a master's degree in business administration (MBA) from the University of Roches-ter's Graduate School of Management. Thus, a maintenance award of $500 per week for a period of six years is adequate to give plaintiff a reasonable period of time in which to obtain employment and, if necessary, training so that she may be-come financially independent *(see, Parris v Parris,* 136 AD2d 685; *Scheer v Scheer,* 130 AD2d 479). Further, in order to secure payment of maintenance in the event of defendant's death, the court properly directed defendant to obtain life insurance for the benefit of plaintiff *(see, Warshaw v Warshaw,* 169 AD2d 408, 409). In view of our determination with respect to the duration of the maintenance award, however, we reduce the amount of that insurance to $125,000.

The court properly awarded plaintiff counsel fees without conducting an evidentiary hearing because the parties stipu-lated that counsel fees would be fixed by the trial court upon submission of affirmations *(see, Olsan v Olsan,* 100 AD2d 776, 777, *appeal dismissed* 63 NY2d 649; *see also, Price v Price,* 115 AD2d 530). Furthermore, the court did not abuse its discretion in awarding plaintiff counsel fees in the sum of $40,000 *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881).

We conclude that the court properly determined the value of plaintiff's MBA *(see, O'Brien v O'Brien,* 66 NY2d 576, 586-

587; *McGowan v McGowan,* 142 AD2d 355, 358-362), and the value of defendant's interest in his law partnership *(see, Rosenberg v Rosenberg,* 145 AD2d 916, 918-919, *amended* 149 AD2d 985, *lv denied* 74 NY2d 603). The court's valuation of the marital residence is supported by testimony from plaintiff's real estate expert *(see, Griffin v Griffin,* 115 AD2d 587, 588).* Additionally, the court's determination that the net marital estate be divided equally between the parties was proper in view of the parties' respective contributions to the marriage. The court made two errors, however, in determining the net marital estate subject to equitable distribution. First, the court erred in finding that the parties stipulated that the value of their boat, without consideration of any encumbrances, was $62,000. The stipulated value of the boat was $60,780. Therefore, we reduce the value of the gross marital estate by $1,220 to $854,140.71.

Second, the court should have given defendant a credit of $54,460, representing the payments made by him from his separate property to pay outstanding loans on the boat and airplane. Separate property is not subject to equitable distribution, and therefore the trial court erred by giving defendant a credit for only $13,776.50. Thus, we find that defendant is entitled to an additional credit against the gross marital estate of $40,683.50.

The net marital estate subject to equitable distribution, therefore, equals $776,460.71 and plaintiff's 1/2 share equals $388,230.36. The value of the specific assets awarded to plaintiff by the court, including the value of her MBA degree, totals $314,277. Consequently, plaintiff is entitled to a cash distribution from the marital estate in the sum of $73,953.36, payment of which is to be effectuated in the manner directed by the court in its Qualified Domestic Relations Order dated August 29, 1991 and entered in the Monroe County Clerk's Office on August 30, 1991.

In all other respects, the judgment of divorce is affirmed. (Appeals from Judgment of Supreme Court, Monroe County, Wesley, J.—Equitable Distribution.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.