■ AUTORAMA COLLISION, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [668 NYS2d 466] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about February 17, 1997, which granted defendants' motion for summary judgment dismissing plaintiff's quantum meruit cause of action, and denied as moot plaintiff's cross motion to compel discovery, unanimously affirmed, without costs.

Recovery upon a quantum meruit theory such as that alleged by plaintiff requires proof that the payment sought was indeed expected (*see, Bauman Assocs. v H & M Intl. Transp.*, 171 AD2d 479, 484). Thus, where, as here, defendants offered evidence that they had been informed by plaintiff that payment would not be made for the towing of certain cars, and

plaintiff, in response, offered no evidence to support its contrary contention that payment was in fact expected for the tows in question, an essential element of the cause was properly found to have been negated as a matter of law (*see, Spaulding v Benenati*, 57 NY2d 418, 425). The IAS Court's grant of summary judgment dismissing plaintiff's quantum meruit cause was, accordingly, entirely correct.

The IAS Court's prior decision compelling defendants to accept plaintiff's belatedly served complaint, in the course of which the court deemed the quantum meruit cause adequately pleaded, was not the equivalent of a finding pursuant to CPLR 3212 that there were bona fide factual issues requiring trial for determination (*see, Baskin & Sears v Lyons*, 188 AD2d 307), and in no way precluded the court from entertaining the subsequent summary judgment motion here at issue.

Plaintiff's additional contentions, stemming from a breach of contract theory dismissed in a prior, unappealed order, are not properly before this Court. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.