# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**744**

**CA 12-02363**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

ROBERT D. MOORE AND SUSAN MYOTT, AS EXECUTRIX
FOR THE ESTATE OF WILLIAM S. MYOTT, DECEASED,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

RICHARD S. JOHNSON, DAVID P. MACKOWIAK AND
KEVIN WYSTUP, DEFENDANTS-APPELLANTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JEFFREY F. REINA OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (EDWARD P. WRIGHT OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered March 13, 2012. The order denied the motion of defendants for summary judgment dismissing the complaint and for an award of damages on their counterclaim.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the complaint to the extent that it sought damages for undistributed goodwill, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, Robert D. Moore and William S. Myott, originally commenced this action against their former partners in an accounting firm, seeking an accounting and damages for undistributed goodwill of the partnership. We note at the outset that William S. Myott thereafter died, and his wife, as executrix of his estate, was substituted for him as a party. We nevertheless refer to Robert D. Moore and William S. Myott, where applicable, as the plaintiffs herein. In their answer, defendants asserted a counterclaim alleging that, upon the voluntary dissolution of the partnership, plaintiffs were overpaid for their share of the partnership's net assets. Following discovery, defendants moved for summary judgment dismissing the complaint and for an award of damages on their counterclaim. Supreme Court denied the motion in its entirety, and defendants now appeal.

We agree with defendants that the court should have dismissed the complaint insofar as it sought damages for the partnership's undistributed goodwill. At the time of dissolution, the partnership

consisted of five accountants, i.e., plaintiffs and defendants (collectively, partners), who operated out of two offices in different locations. Plaintiffs worked in the Jamestown office and owned a 48.4% equity interest in the partnership, while defendants worked in the Fredonia office and owned the remaining 51.6% equity interest. On May 4, 2006, the partners voted unanimously to dissolve the partnership. Upon dissolution, plaintiffs each received a cash distribution of $48,412 from the partnership. None of the partners received payment for the partnership's goodwill. Plaintiffs thereafter formed a new partnership, and they continued to work out of the same office in Jamestown. Defendants also formed a new partnership and stayed in the same office in Fredonia. In March 2008, almost two years after the partnership dissolved, plaintiffs demanded that defendants pay them for their share of the partnership's goodwill. Plaintiffs also requested an accounting of the partnership's financial records. Defendants refused to pay anything to plaintiffs for goodwill, and plaintiffs therefore commenced this action.

"The term 'goodwill' represents an elusive concept, but is broadly defined as 'the advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement, which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices' " (*Dawson v White & Case*, 88 NY2d 666, 670-671 n 2; *see Spaulding v Benenati*, 57 NY2d 418, 424 n 3). " 'Good will, when it exists as incidental to the business of a partnership, is presumptively an asset to be accounted for like any other by those who liquidate the business' " (*Dawson*, 88 NY2d at 671, quoting *Matter of Brown*, 242 NY 1, 6). "The course of dealing, however, can stamp it with a different quality. Partners may contract that good will, though it exist[s], shall not 'be considered as property or an asset of the co-partnership' " (*Brown*, 242 NY at 6). "The contract may 'be expressly made,' or it may 'arise by implication, from other contracts and the acts and conduct of the parties' " (*id.*).

Here, even assuming, arguendo, that the partners' course of dealings or partnership agreement provided that goodwill is a distributable asset of the partnership, we conclude that defendants met their initial burden on that part of the motion for summary judgment dismissing the complaint to the extent it sought damages for undistributed goodwill. Indeed, defendants established that there is no goodwill to distribute because the partnership has been dissolved and no longer exists. In the circumstances presented here, it is incomprehensible that the partnership's goodwill could survive the demise of the partnership, and the Court of Appeals decision in *Dawson* does not suggest otherwise. In *Dawson*, although the Court of Appeals indicated that a dissolving partnership may have distributable goodwill, the partnership in that case was dissolved but was immediately reformed with the same partners, minus one, with the same

firm name, using the same offices and servicing the same clients. Thus, in essence, the partnership was dissolved in name only. Here, in contrast, the *same* partnership did not reform after dissolution. Instead, two entirely new partnerships were formed. Thus, plaintiffs failed to raise an issue of fact with respect to the existence of goodwill after the dissolution of the partnership (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We therefore conclude that the court erred in denying that part of defendants' motion for summary judgment dismissing the complaint insofar as it sought damages for undistributed goodwill, and we modify the order accordingly.

Finally, we reject defendants' further contention that the court should have granted that part of their motion for summary judgment on the counterclaim. Even assuming, arguendo, that defendants met their initial burden on that part of the motion, we conclude that plaintiffs raised myriad issues of fact in opposition thereto (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court